**Minnie Katherine APEL et al., Appellants,**

v.

**Mary·Kapral GALLAGHER et vir, Appellees.**

**No. 6454.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 10, 1955.

Rehearing Denied Feb. 14, 1955.

Stone & Stone, Amarillo, for appellants.

Singleton & Trulove, Amarillo, for appellees.

MARTIN, Justice.

John Kapral, Sr., and his wife Mary M. Kapral, were the parents of three children, John W. Kapral, Jr., Mary Kapral who married Leo V. Gallagher and Minnie Katherine Kapral who married Howard Apel. All of the property owned by John Kapral, Sr., and Mary M. Kapral, at the time of the death of Mary M. Kapral, was community property. Mary M. Kapral executed a will in which she devised to her husband, John Kapral, Sr., a life estate in all property which she was seized and possessed of at the time of her death with remainder in fee to her daughter, Minnie Katherine Kapral. She explained in her will that she was giving her estate to Minnie Katherine Kapral because her daughter had spent most of her life nursing and caring for the testatrix while she was ill and helpless. This will was probated as a muniment of title after the death of John Kapral, Sr. Following the death of Mary M. Kapral, the three children executed a deed which conveyed to John Kapral, Sr., "for his separate estate and for his sole separate use, benefit and behoof" all tracts or parcels of land constituting the estate of Mary M. Kapral, deceased. A bill of sale in like form was executed and delivered to John Kapral, Sr., as to all personal property.

John Kapral, Sr., at the time of his death, left a will devising all his property, real and personal, to his children. The major portion of his estate was devised to appellant, Minnie Katherine Apel, who was vested with a life estate in part of the realty with remainder in fee in same to her daughter, Mary Apel. This will was duly admitted to probate April 20, 1950 and the record does not reveal that the probate of such will was contested. Mary Kapral Gallagher and husband, Leo V. Gallagher, appellees, filed a suit in the District Court against Minnie Katherine Apel, Howard Apel and Mary Howard Apel, appellants, and joined as parties the heirs of John W. Kapral, Jr., deceased, alleging that the three children of John Kapral, Sr., had conveyed all of their mother's estate to the said John Kapral, Sr., under his parol agreement that the home place in Panhandle would be delivered to Minnie Katherine Apel and that the balance of the estate would be divided equally between his three children. Appellees further asserted that the estate was impressed with a trust on their behalf by reason of such parol agreement.

The trial court found that the alleged agreement had been made between the parties and that the estate of John Kapral, Sr., was impressed with a trust by reason of such parol contract and entered a judgment granting Mary Kapral Gallagher one-third of the estate of John Kapral, Sr. Appellants, Minnie Katherine Apel, Howard Apel and Mary Howard Apel, perfected an appeal from this judgment and assign fifteen points of error.

■■ Appellants' first three points of error are briefed together and assert that the trial court's holding that Mary Kapral Gallagher acquired a one-third interest in the estate of her deceased mother, Mary M. Kapral, is not supported by any evidence or that the evidence is insufficient to support such finding. Mary M. Kapral executed a will devising a life estate in all property to her surviving husband with the remainder in fee to her daughter, Minnie Katherine Apel. Upon the death of Mary M. Kapral, title vested in the devisees named in the will even though the will was not probated until some time had elapsed. Further, the title devised by such will to Minnie Katherine Apel vested in her father John Kapral, Sr., immediately upon the said Minnie Katherine Apel executing and delivering the deed conveying all her right, title and interest in the properties in issue to the said John Kapral, Sr., as his separate estate. The probate of the will of Mary M. Kapral at a subsequent date merely served to establish the will and its existence and genuineness and to give vitality to the prior conveyance of the estate by Minnie Katherine Apel to John Kapral, Sr. Marsh v. Huyter, 50 Tex. 243, at page 253; Smith v. Lancaster, Tex. Civ.App., 248 S.W. 472; Art. 3314, Vernon's Texas Civil Statutes. Appellant's first three points of error are sustained.

■ In further support of the above ruling, the record reveals that the will of Mary M. Kapral and the will of John Kapral, Sr., were each admitted to probate by a final judgment of the county court of Carson County, Texas. These judgments are in full force and effect and constitute a bar as to any claim made in this collateral proceeding by Mary Kapral Gallagher as to the estate of either her father or her mother. Buchanan v. Davis, Tex.Civ. App., 43 S.W.2d 279, affirmed, Tex.Com. App., 60 S.W.2d 192 (1st case); Graser v. Graser, 147 Tex. 404, 215 S.W.2d 867, Syl. 1–2.

■ Under the facts discussed above, at the time of making the alleged parol agree-ment, John Kapral, Sr., was the owner of, and in full possession of, his undivided one-half of the community estate by reason of his community ownership thereof. He became the owner in fee of the undivided one-half interest of his deceased wife in and to the community estate by reason of his possession of and life estate in the same as devised to him in the will executed by his wife and by reason of the deed delivered to him by Minnie Katherine Apel conveying the remainder in fee. A parol trust could not be engrafted on the deed and bill of sale as to any of the estate in issue under the alleged parol contract asserted by Mary Kapral Gallagher and husband. John Kapral, Sr., did not obtain title to, or the possession of, any portion of the lands and personal property from Mary Kapral Gallagher under such purported agreement or by reason thereof as he was already the owner in fee of an undivided one-half of such estate and the remainder in fee in the undivided one-half formerly owned by his wife was conveyed to him by the deed from his daughter Minnie who was the sole devisee thereof under her mother's will. The judgment of the trial court engrafting a parol trust upon the properties held by John Kapral, Sr., and dividing his estate under such alleged parol agreement was clearly contrary to the provisions of the Statute of Frauds. Allen v. Allen, 101 Tex. 362, 107 S.W. 528; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; American Nat. Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161; Faville v. Robinson, 111 Tex. 48, 227 S.W. 938 (1st case). Appellants' points of error 10, 11 and 12 are sustained.

■ In conjunction with the above ruling, since the bill of sale as executed to the personal property is in issue, it is pointed out that the asserted contract was an entire contract and not severable. Therefore, the contract in its entirety is within the Statute of Frauds and is wholly unenforceable since the contract involved the transfer of real property. Upson v. Fitzgerald, supra, Syl. 6–7.

Under the above rulings, appellants' points 6, 7, 8 and 9 become immaterial. Such points raise the issue that there is no evidence to support the findings of the trial court that the alleged parol contract was made by the parties or the evidence is insufficient to support such finding. The evidence is insufficient to support a finding that the specific contract as alleged was made between all the parties concerned. But, under the above cited authorities, had the parol contract been established by all the evidence, it could not have altered the disposition of this appeal in the light of the Statute of Frauds. Further, the asserted parol contract as to its terms is contra to the provisions of the will of John Kapral, Sr., as admitted to probate. If the asserted parol contract were ruled to be controlling as to the disposition of the estate of John Kapral Sr., such ruling would have the effect of wholly setting aside, in a collateral proceeding, both the will of Mary M. Kapral and the will of John Kapral, Sr., as duly probated.

This was a suit by Mary Kapral Gallagher and husband against Minnie Katherine Apel as executrix of the estate of the deceased John Kapral, Sr., and also as an heir of John Kapral, Sr. Mary Kapral Gallagher and her husband Leo V. Gallagher are prohibited by Art. 3716, Vernon's Texas Civil Statutes, from testifying in the cause as to transactions with the deceased. Appellants' points 4 and 5 are sustained. Art. 3716, Vernon's Texas Civil Statutes; Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 274; Leahy v. Timon, 110 Tex. 73, 215 S.W. 951.

The deed and bill of sale executed and delivered to John Kapral, Sr., were contractual in that each of said instruments conveyed the property described in it to John Kapral, Sr., "for his sole separate use, benefit and behoof". Since the deed and bill of sale were contractual in their nature, the appellees are bound by the contractual recitals therein and are estopped to deny them. Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65; Nye v. Bradford, 144 Tex. 618, 198 S.W.2d 165,

169 A.L.R. 1; Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777. Appellant's points 13, 14 and 15 are sustained.

The judgment of the trial court is reversed and judgment is rendered for appellants.