William Doxey PLEASANT et al.

v.

Sidney M. JOHNSON et al.

William Doxey PLEASANT et al.

v.

Kathleen Abbott FOX et al.

Nos. 6609, 6610.

Court of Civil Appeals of Texas.

Beaumont.

March 7, 1963.

Rehearing Denied April 10, 1963.

**174**

King, Sharfstein & Rienstra, Beaumont, for appellants.

J. R. McDougald, Bell & Blair, John H. Land, Bill J. Sanders, Beaumont, for appellees.

McNEILL, Justice.

This is a suit brought to set aside two instruments made between certain persons claiming to be heirs at law and devisees of the property of the Estate of Myrtle (Mertie) Bridgeman Pleasant. The suit was instituted by William Doxey Pleasant, Thelma Pleasant Smith and Lois Pleasant Simonton, individually and as administrators with will annexed of the Estate of Myrtle (Mertie) Bridgeman Pleasant, deceased, appellants, against Kathleen Abbott Fox and husband, F. N. Fox, W. T. Moore, Jr., Hattie Moore Nolen, a feme sole, Hebert Moore, Sallie Ann Moore Schofield and husband, Noel Schofield, Carl W. Wall, Dr. William A. Smith, J. Welton Miller and wife, Flora K. Miller, Sidney M. Johnson, Sr. and wife, Grace A. Johnson, Alberdina Ruysenaars, a feme sole, Bruno A. Roll and wife, Clara Belle Roll, D. F. Sanders, Alto V. Watson, individually and as Independent Executor of the Estate of Emily Smith Watson, deceased, John Land and John P. Blair, appellees. Appellants alleged that they were the beneficiaries under the will of Ed J. Pleasant, the surviving husband of Mrs. Myrtle Bridgeman Pleasant; and that the defendants were claiming the title to the property of the said Ed J. Pleasant through two certain deeds or instruments set out below. It was alleged that the instruments sought to be set aside were not compromise settlement agreements but were merely partition deeds, and that since the appellees own no title to any part of the property their joinder in the partition deeds was without effect.

It was further alleged that all of the parties thereto mistakenly believed that the fee simple title to all of said lands and premises were in others than only and solely the said Ed J. Pleasant, or, in the alternative, the said Ed J. Pleasant at the time of the execution of said deeds mistakenly believed that the fee simple title to all of said lands and premises were in others than solely and only himself, for the reason that they, or, in the alternative, he did not know at said time that there existed a last will and testament of his wife, Myrtle Bridgeman Pleasant, devising to said Ed J. Pleasant fee simple title in and to said lands and premises and that he, the said Ed J. Pleasant, was the sole beneficiary under said will.

Appellees filed answers and cross-actions relying upon the instruments sought to be canceled by appellants. Both sides filed motions for summary judgment and after hearing thereon the Court sustained those of appellees and denied appellants'. Because of this, they appeal.

Appellants' brief tersely and accurately summarizes the events leading to this lawsuit. We quote, therefore, from their brief:

"The winding course of events which has eventually led us here had its inception on January 14, 1922. For it was then that F. W. Bridgeman and his then wife, Mertie Bridgeman, executed a joint will which was to rise again thirty-five years later under the

guise of a binding contract. Thereafter, F. W. Bridgeman died on February 13, 1938. The will of January 14, 1922, devising his entire estate to his wife, was probated. Mertie Bridgeman later married Ed J. Pleasant, and on December 17, 1949, they each executed separate wills in the offices of O'Fiel & O'Fiel at Beaumont. On August 5, 1956 Mertie Bridgeman Pleasant died, and on September 11, 1956, her husband, Ed J. Pleasant, filed his oath as administrator of her estate apparently believing either that his wife's will of December 17, 1949 had been revoked or simply having forgotten about it.

"But on March 5, 1957, the Bridgeman will of January 14, 1922, was filed for probate by appellee Hebert Moore as the last will and testament of Mertie Bridgeman Pleasant, contending that said will was joint and mutual as a binding contractual agreement between F. W. Bridgeman and his then wife, Mertie Bridgeman, and that by virtue thereof, he and appellee Kathleen Abbott Fox were entitled to share in Mrs. Pleasant's estate as sole devisees under said will. This, even though said will unequivocally reads that their rights thereunder were contingent upon the simultaneous deaths of the Bridgemans.

"At this point, the relationship of the parties Appellee to Mertie Bridgeman Pleasant should be made clear. Kathleen Abbott Fox is the purported adopted (by estoppel) daughter. Hebert Moore is a brother. Hattie Moore Nolen is a sister. W. T. Moore, Jr. and Sallie Ann Moore Schofield are a nephew and niece respectively. Prior to August 8, 1957, these persons gathered in concern over the property belonging to Mrs. Pleasant at her death, most of which was her separate real property. And on this date—August 8, 1957—they, their attorneys and Mrs. Pleasant's husband, Ed J. Pleasant, individually but not as administrator of his deceased wife's estate, executed an instrument relative to said real property.

"Thereafter, on September 9, 1957, another such instrument was executed, again by Ed J. Pleasant only in his individual capacity and the above named persons with the exception of Kathleen Abbott Fox and husband, F. N. Fox, Hebert Moore and their attorneys, D. F. Sanders and Alto V. Watson.

"It is around these two instruments which this appeal principally revolves.

"On October 16, 1957 in the probate proceedings commenced by Hebert Moore re the old Bridgeman will, an order of the probate court was entered denying the probate of said will and adjudicating that Mertie Bridgeman Pleasant died intestate. Shortly afterward, on October 21, 1957, Ed J. Pleasant died.

"But this was not the end of the matter for on May 7, 1960 as one Ruth Holloman was cleaning the old Pleasant home on French Road in Beaumont, she discovered a worn envelope containing the will of Mertie Bridgeman Pleasant dated December 17, 1949. This will naming Ed J. Pleasant as sole devisee, was admitted to probate on July 22, 1960 and Appellants William Doxey Pleasant, Thelma Pleasant Smith and Lois Pleasant Simonton qualified as administrators cum testamento annexo.

"Thus by this unusual turn of events were the matters here in dispute conceived. It should be added that nowhere is there to be found any evidence of fraud or misdealings, nor has any such contention been raised."

Additional facts will be set out under various propositions hereinafter discussed.

It is first contended by appellants that the instruments executed dated August 8, 1957 and September 9, 1957, were not com-

promise settlement agreements, but were mere partition deeds. The pertinent parts of the instrument of August 8, 1957 are:

"THE STATE OF TEXAS
COUNTY OF JEFFERSON } KNOW ALL MEN BY THESE PRESENTS:

"That Myrtle Bridgeman Pleasant (sometimes called Mertie Bridgeman Pleasant) resided in Jefferson County, Texas, during her lifetime, and until she died in Jefferson County, Texas, on August 5, 1956;

"and WHEREAS, the said Myrtle Bridgeman Pleasant was first married to F. W. Bridgeman who died testate in Jefferson County, Texas, on February 13, 1938;

"and WHEREAS, prior to his death the said F. W. Bridgeman and his then wife, Myrtle Moore Bridgeman, executed a joint and mutual will, in which said will the said Myrtle Bridgeman Pleasant caused to be filed for probate, and which was admitted to probate as the will of F. W. Bridgeman in Cause No. 6658 in The County Court of Jefferson County, Texas, to the record of which cause, the inventory and appraisement filed therein, and the minutes of said Court reference is here made;

"and WHEREAS, Hebert Moore and Kathleen Abbott Fox (nee Kathleen Abbott) were named in said joint mutual will as contingent legatees and devisees, and on the 5th day of March, 1957, again caused the said will to be filed for probate as the last will and testament of Mertie Bridgeman Pleasant and claim the entire estate of Myrtle Bridgeman thereunder; but the other parties hereto contend that the will filed for probate is not effective to pass title to any property;

"and WHEREAS, the said Hebert Moore, in addition and in the alternative to claiming as a legatee and devisee of the said will, also claims a part of said estate of Myrtle Bridgeman Pleasant as a surviving brother and heir at law;

"and WHEREAS, the said Kathleen Abbott Fox (nee Kathleen Abbott), and presently the wife of F. N. Fox of Wichita Falls, Wichita County, Texas, in addition to, and in the alternative to claiming part of the estate of Myrtle Bridgeman Pleasant as a legatee and devisee of said will also claims the principal portion of said estate under the allegation that she is the adopted daughter of F. W. Bridgeman and Myrtle Bridgeman Pleasant;

"and WHEREAS, Ed J. Pleasant claims that the major portion of the properties hereinafter conveyed constituted community property and that in any event he has homestead and general life estates thereto;

"and WHEREAS, in addition to the said Ed J. Pleasant as surviving husband, Hebert Moore as a surviving brother, and the said Kathleen Abbott Fox, Myrtle Bridgeman Pleasant left surviving her a sister, Hattie Moore Nolen, and the children of a deceased brother William T. Moore, Sr., to-wit: W. T. Moore, Jr. of Jefferson County, Texas, Sallie Ann Moore Schofield, wife of Noel Schofield of Cameron Parish, Louisiana;

"and WHEREAS, administration was granted on the estate of Myrtle Bridgeman Pleasant, Deceased in Cause No. 16428 in the County Court of Jefferson County, Texas, in which cause the said Ed J. Pleasant was appointed as, and duly qualified and remains as the administrator of the estate of Myrtle Bridgeman Pleasant, Deceased;

"and WHEREAS, more than one year has elapsed since the death of Myrtle Bridgeman Pleasant, Deceased, and the debts of said estate have been paid, and the administration is still pending but no longer necessary, ex-

cept that conflicting claims exist between the above named persons as to the title to various properties hereinafter conveyed, and conflicting claims exist as to whether certain properties hereinafter conveyed constitute the separate estate of the said Myrtle Bridgeman Pleasant, Deceased,

"—2—

"or community property of Myrtle Bridgeman Pleasant and Ed J. Pleasant;

"and WHEREAS, the different persons claim different proportions of said estate and assert different claims to different properties herein conveyed;

"but WHEREAS, all the persons above named who constitute or could constitute all of the heirs at law of Myrtle Bridgeman Pleasant, Deceased or the legatees and devisees under any will executed by her and not revoked before her death, have settled among themselves, and on the advice and with the assistance of their attorneys, their various conflicting claims to the estate of Myrtle Bridgeman Pleasant, Deceased, and the properties thereof, and all other properties herein conveyed, and now desire by this instrument to partition among themselves said properties, and in consideration of the premises and other valuable consideration by each acknowledged and confessed as received and as sufficient do, by the execution of this deed, hereby partition said properties among themselves;

"NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

"That we, Ed J. Pleasant of Jefferson County, Texas; Mrs. Hattie Moore Nolen, a feme sole, the widow of A. L. Nolen, Deceased, of Harris County, Texas; John P. Blair, her attorney of record with assignment of interest of Jefferson County, Texas; W. T. Moore, Jr., the son of William T. Moore, Sr., Deceased, of Jefferson County, Texas, and Sallie Ann Moore Schofield, joined herein by Noel Schofield of Cameron Parish, Louisiana, the adopted daughter of William T. Moore, Sr., by decree of adoption out of the District Court of Jefferson County, Texas, in Cause No. 14357–C, and John Land their attorney of record with assignment of interest of Jefferson County, Texas, for and in consideration of the premises and for valuable consideration, receipt and sufficiency whereof is acknowledged have GRANTED, SOLD and

"—3—

"CONVEYED, and do by these presents GRANT, SELL and CONVEY unto Kathleen Abbott Fox, the wife of F. N. Fox of Wichita Falls, Wichita County, Texas, as her separate property and estate, to her attorney of record with assignment of interest, D. F. Sanders of Jefferson County, Texas, to Hebert Moore and Alto V. Watson, attorney of record with assignment of interest, both of Jefferson County, Texas, the following described property situated in Jefferson County, Texas, in the D. Choate League, and more particularly described as follows, to-wit:"

Then follows description of various tracts of land of Mrs. Pleasant's estate. Ordinary habendum and warranty clauses follow, except the warranty is qualified by the expression, "by, through or under us, but no further." Then follows conveyance of like import from Kathleen Abbott Fox and husband, and D. F. Sanders, their attorney with assignment of interest, and Hebert Moore and Alto V. Watson, his attorney with assignment of interest, to Ed J. Pleasant, Hattie Moore Nolen, her attorney, John T. Blair, W. T. Moore, Jr., and Sallie Ann Moore Schofield, and their attorney, John Land, of several tracts of land of Mrs. Pleasant's estate. Then fol-

low the habendum and special warranty clauses similar to that above. We have studied carefully the contention of the Appellants that this is only a partition deed and not a compromise and settlement agreement. As bearing on the question, we have also considered Exhibits D-2, D-3 and D-4 attached to the motion for summary judgment of appellees. It is shown thereby that before the instrument of August 8 was executed that there were considerable negotiations conducted between the parties represented by their various attorneys looking toward settlement and adjustment of their mutual claims to the Estate of Myrtle Bridgeman Pleasant. Exhibit D-2 is a two-page sheet which indicates what recovery of the property would result under various conditions of jury findings and also contained an analysis of settlement proposal made by D. F. Sanders and Alto Watson, attorneys for Kathleen Abbott Fox and Hebert Moore. Exhibit D-3 is an outline of a later proposal for settlement between the parties and indicated the difference between the first proposal and the second. It is also clearly reflected that these settlement negotiations developed into three factions as follows:

"(1) Kathleen Abbott Fox, the purported adopted daughter of the decedent, Myrtle Bridgeman Pleasant, and Hebert Moore, the brother of the said decedent, representing one faction;

"(2) Hattie Moore Nolen, the sister of the said decedent, and W. T. Moore, Jr. and Sally Ann Moore Schofield, the nephew and niece of the said decedent, representing another faction; and,

"(3) Ed J. Pleasant, the surviving husband, representing the third faction."

Exhibit D-4 sets out clearly what the settlement of the property would be as between the second and third factions just mentioned.

■■ Attached to the affidavit of appellee John H. Land is a copy of Preliminary Settlement Agreement made between all the parties dated May 16, 1957. This was the basis for the two formal instruments executed August 8th and September 9th. Unquestionably, Ed J. Pleasant knew that his wife had, on December 17, 1949, executed a will leaving him all of her property. We believe that under the language of the August 8th agreement it was intended there should be a full, final and complete settlement between the parties taking into consideration any and all purported wills that might exist as having been made by Myrtle Bridgeman Pleasant. The above facts, no doubt, indicate clearly such contentions on the part of the various persons involved with reference to their rights in Mrs. Pleasant's estate. The object of the instrument of August 8, 1957, was to compromise and settle all the various contentions and claims of the parties. We, therefore, hold that said instrument was not a simple partition between one person owning the entire title and others having no title, as in Davis v. Agnew, 67 Tex. 206, 2 S.W. 43, 376. It is recognized that partition deeds are put in a special class by the decisions in this State. Garza v. De Montalvo, 147 Tex. 525, 217 S.W.2d 988. See, also, 4 Texas Practice, Land Titles, Lange, Sec. 464, pp. 319–321. The instrument of August 8, 1957 is not a mere partition, but is, in effect a family settlement which is a favorite of law and equity. Iden v. Ackerman, Tex.Civ.App., 280 S.W.2d 643 (W. R.). To the same effect are Camoron v. Thurmond, 56 Tex. 22, p. 34; Gilliam v. Alford, 69 Tex. 267, 6 S.W. 757, 759. And although it turned out later that part of the contending parties had no title or right in the property involved, the circumstances must be measured as of the settlement date. Ibid.

■ It is asserted that, in using the word "partition" at various places in the instrument, this makes it a partition deed. But the instrument is not to be construed by the use of a particular word. It must be considered from its four corners and, in so doing, it is clearly a compromise in-

strument. It is also asserted that a compromise would have used words of quitclaim rather than warranty. The fact that the warranty was a special one indicates that the parties did not intend to defend the title to the portion given the others as against the whole world, as a general warranty would require. Appellants rely strongly on Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588. However, we think the cases are clearly distinguishable for the reason that the Court there said:

"There is nothing to indicate that the parties had in mind anything more than a completely effective dissolution of their partnership and a division of their jointly owned property. The contract was consummated by the execution of warranty deeds, the common and accepted way of partitioning lands voluntarily."

Appellants say that whether or not the first instrument of August 8th is a partition, the instrument of September 9, 1957, is a pure partition and the rule of Davis v. Agnew, supra, applies. The September 9th instrument begins:

"WHEREAS, heretofore on August 8, 1957, the undersigned, along with Kathleen Abbott Fox, joined by her husband, F. N. Fox, D. F. Sanders, Hebert Moore, and Alto V. Watson, did join in the execution of a partition deed which consummated an agreed settlement of certain conflicting claims in connection with properties belonging to the Estate of Myrtle Bridgeman Pleasant, Deceased; and

"WHEREAS, under the terms of said partition deed the undersigned jointly received full title to certain properties of said Estate, all of which are fully described in said deed; and

"WHEREAS, the undersigned now desire to partition among themselves the properties received by them under the terms of said partition deed;"

Then follows a conveyance of certain lands involved from Hattie Moore Nolen and her attorney, John P. Blair, and W. T. Moore, Jr. and Sallie Ann Moore Schofield and John Land, their attorney, to Ed J. Pleasant which contained the usual habendum and special warranty clauses of like import as in the first instrument. Then comes a reciprocal conveyance of certain other lands by Ed J. Pleasant to the parties first named, with like habendum and special warranty clauses. While examination of the September 9th instrument alone would likely impress one as a partition, since it ties itself to the earlier instrument, it must be modified by and considered with it. It (the earlier instrument) was one between the 1st faction of claimants on the one side and the combined 2nd and 3rd factions on the other. The latter instrument was a completion of the settlement as between the 2nd and 3rd factions, and brought to fruition the settlement invisioned by the Exhibit D–4 and preliminary agreement dated May 16, 1957. This latter instrument is accordingly upheld as the concluding part of the settlement.

█ Appellants contend that all parties to the settlement were at the time of the settlement without knowledge of the 1949 will probated in 1960, that therefore a mutual mistake of fact existed, and that the settlement of the contentions of the parties was without legal effect. Otherwise stated, appellants assert that the parties did not realize Ed J. Pleasant was the sole owner of the lands embraced in this suit for the reason that they did not know at the time that said will existed. Appellees object to our examination of the record to ascertain whether such mistake exists since both sides have urged motions for summary judgment, and that consequently appellants are bound by a judicial admission that no material issue of fact exists. Appellees assert this proposition upon the holding in Childress County v. Sachse, Tex.Civ.App., 310 S.W.2d 414. We disagree with this holding. Without extending this opinion by a discussion of the question, we cite as

supporting our position: Tigner v. First National Bank, 153 Tex. 69, 264 S.W.2d 85 (3); Walling v. Richmond, etc., Co., 2 Cir., 154 F.2d 780; Volunteer State Life Ins. Co. v. Henson (5th Cir.), 234 F.2d 535; 4 McDonald, Civil Practice, p. 1396.

Appellants urge that because the August 8th instrument did not expressly say that Pleasant was claiming the 1949 will existed this indicates that he was not making contention that it did. This is answered by the clause "and devisees under *any* will executed by her and not revoked before her death" in the paragraph immediately before the conveyances in said instrument. Only one will of Mrs. Pleasant is specifically mentioned in the instrument, that is, the claimed one executed by her as Mrs. Bridgeman in 1922. The fact that the word "any" modifies the word "will" in the quotation immediately above clearly indicates a complete disposition of the questions involved between the parties, whether known or unknown. In this quoted clause, let us also consider the words, "and not revoked before her death". This means any will made by Mrs. Pleasant not canceled in some legal way by some act on her part. The only instrument specifically mentioned as a will in the first settlement agreement was a joint and mutual will dated 14th day of January, 1922 of Bridgeman and wife (Mrs. Pleasant). Bridgeman died in 1938 and this will was then probated as his will. By its terms it could be effective as the will of both spouses only in case Bridgeman and wife (Mrs. Pleasant) died simultaneously. If this condition occurred, then their property would have gone to Hebert Moore and W. T. Moore, Sr. Since the makers of this will died years apart, they could not be said to have died simultaneously. Only this condition could give life to such joint will as the will of Mrs. Bridgeman (Pleasant). Since the condition did not come to pass, it simply became functus officio. It was ineffective by virtue of its own provisions from the date Mr. Bridgeman died. Then how could the phrase "not revoked before her death" have application to it? The

parties signing the August 8th instrument had other and broader contingencies in mind. No contention is made that the instrument as written was incorrectly done.

The only evidence in the record, in our opinion, which supports appellants' position that Pleasant did not remember the 1949 will or thought it had been revoked by his wife was the oath he made September 11, 1956, as administrator in her estate. This oath stated "that Mrs. Mertie Bridgeman Pleasant, deceased, died without leaving any lawful will so far as I know or believe * * *" Appellees object to our consideration of this oath upon the claim that it is hearsay and self-serving. If the oath is considered, it still would be insufficient to raise an issue of fact. Taken at face value it clearly indicates that on the date he made the oath Pleasant did not know of the existence of any will of his wife, although he knew and was present at the time the 1949 will was made. It is some evidence, though weak because remote, that he thought at the time he executed the settlement agreement no will of his wife existed. But if this is correct, it does not show that there was a mutual mistake; that is, that the other parties involved were under the same impression.

 Generally, unless a mutual mistake exists, no right to rescind exists. *29 Tex. Jur. 707.* It was said in May v. San Antonio & A. P. Townsite Co., 83 Tex. 502, 18 S.W. 959, 960: "A Court of Equity may grant relief in case of a mutual mistake, but not on account of one entirely unilateral, and in the absence of fraud." Appellants refer us to several cases to show that where a party is mistaken as to his own private legal rights, equity will under certain circumstances relieve against a contract. On this point they cite Columbian Nat. Fire Ins. Co. v. Dixie Co-op Mail Order House (Com.App.), 276 S.W. 219. There all parties assumed and believed that another insurance company was liable pro-rata for the loss sustained by respondent. And a written settlement was made on this basis

with nine insurance companies. It turned out later that the tenth company was not liable, and respondent was allowed to attack the settlement and recover an additional sum against the nine settling companies. In its opinion, 276 S.W. at p. 222, the court said:

"So that, if parties contract under a mutual mistake and misapprehension as to such rights, the result is that the agreement is liable to be set aside as having proceeded upon a common mistake. The gist of the understanding of the parties to this settlement was that defendant in error held a valid insurance policy against the United Mutual Fire Insurance Company in the sum of $10,000, and upon this understanding the settlement was made."

Altgelt v. Gerbic, Tex.Civ.App., 149 S.W. 233 is also cited. There both parties were ignorant of a certain city ordinance, and appellant being a lawyer, in whom the other had confidence, it was said that appellee having been misled by relying upon the former's superior legal knowledge was entitled to rescind the contract. The other cases cited are of similar import.

When persons deal with land of a decedent, the title to which is in his name, they are charged with constructive notice of whether such decedent left a will; and if not, who were the decedent's heirs at law. From negotiations held, the fact that Pleasant was given property of an agreed value of $58,000 of an estate worth $180,000 clearly would indicate where practically all of the estate was decedent's separate property, that Pleasant was claiming under a later will which he was unable to produce.

It is our view that by language used in the instrument dated August 8, 1957 * * "Whereas, all the persons above named who constitute or could constitute all the heirs at law of Myrtle Bridgeman Pleasant, deceased or the legatees and devisees under any will executed by her and not revoked before her death, have settled among themselves, and on the advise and with the as-

sistance of their attorneys, their various conflicting claims to the Estate of Myrtle Bridgeman Pleasant, deceased, * * *", the parties recognized the possibility that in dealing with the estate of the decedent the risk is run of a will appearing from one source or another, and while they cannot bind legatees and devisees not made parties to the instrument, it clearly appears that it was intended to put the question of title at rest as between the contending parties thereto. Atkins v. Womble, Tex.Civ.App., 300 S.W.2d 688. No intimation is made that fraud, overreaching, breach of confidence or other wrongdoing entered into the settlement negotiations and agreements. It consequently is upheld. Hunt v. Bagwell, Tex.Civ.App., 111 S.W.2d 312(2), (W.R.).

*Innocent purchaser claim of Johnsons.*

At the time appellees' motions for summary judgment were sustained, the motion of appellees Sidney M. Johnson, Sr., and wife, Grace A. Johnson, to sever the suit as to them from the other appellees was granted; hence the consolidated case shown above. The court sustained this motion to sever for the reason that Johnson and wife claimed that they were bona fide purchasers for value of a portion of the land involved.

In addition to the motion to sever, Johnson and wife moved for summary judgment on the basis that they were bona fide purchasers. Their motion shows that the 20 acres purchased by them was conveyed first by the instrument of September 9, 1957, executed by Ed J. Pleasant conveying a larger tract out of which the 20 acres came to Hattie Moore Nolen, John P. Blair, W. T. Moore, Jr., John Land and Sallie Ann Moore Schofield, with provisions of specific warranty. By deed dated June 19, 1958, the recipients of title under the deed of September 9, 1957 conveyed the specific 20 acres involved here to ,W. T. Moore, Jr. By deed dated September 20, 1960, for a full and valuable consideration, Moore conveyed the 20 acres to Johnson and wife. Attached to their motion for summary judgment is their affidavit to the

**182**

effect that at the time of this purchase by them, they, Johnson and wife, had no knowledge of any claim being made by appellants in and to said lands, and had no knowledge of any claim of mistake having been made by appellants or their predecessors in interest. Ordinarily the testimony of an interested party only raises the issue. But here the affidavit of Johnson and wife is clear, concise and positive and not contradicted. Under these circumstances we accept the affidavit at face value. Seale v. Muse, Tex.Civ.App., 352 S.W.2d 534. But appellants assert that since the will of Mertie Bridgeman Pleasant was probated by the County Court of Jefferson County before Johnson and wife purchased the 20 acres, they could not be in law bona fide purchasers for value of the tract. The case of Howth v. Farrar (5th Cir.) 94 F.2d 654, is cited in support of this contention. We think, however, there is a marked difference between the Howth case and the present one. In the former, deeds were not obtained by the purchasers from the devisees in said will except Wm. E. Howth, Jr., who only had a life estate and died in 1930. In the present case Johnson and wife purchased from the sole beneficiary under the will of Mrs. Myrtle Bridgeman Pleasant which was probated in 1960. This conveyance was by warranty of the beneficiary limited to the phrase, "by, through or under him." Appellants claim through and under their father, Ed J. Pleasant, deceased. They are, then, in no better position than their father. He could not attack the title that he warranted; neither may his heirs. 5 Tex.Practice, Land Titles, Lange, Sec. 745, p. 149. No notice was given of any contention that in making said deed of September 9, 1957, a mistake occurred, and Johnson and wife had paid full consideration for the land. Their title therefore should be protected. Ibid. It could well be added, as said by the Court in Apel v. Gallagher, Tex.Civ.App., 278 S.W.2d 527, that the probate of the will of Mrs. Pleasant in 1960 merely served to establish the will, and its existence and genuineness and to give vitality to the prior conveyance of the land by Ed J. Pleasant. The same is true of the holding in Lutz v. Howard, Tex.Civ.App., 181 S.W.2d 869. Of what does the 1960 probate give notice? That Ed J. Pleasant was sole devisee in the will. Since he had already conveyed the 20 acres to others, this confirmed their title. These circumstances would not put a reasonably prudent person on inquiry of a hostile claim. 43 Tex.Jur. 672–4.

Since we conclude there exists no genuine issue of material fact, the judgments of the trial court in both cases, Nos. 6609 and 6610, are affirmed.