Charles J. SCHINDLER, Appellant,

v.

AG AERO DISTRIBUTORS, INC., Appellee.

No. 813.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1973.

David B. Connery, Jr., Rockport, for appellant.

Roland M. Yeager, Hatch & Yeager, Aransas Pass, for appellee.

## OPINION

BISSETT, Justice.

This is a summary judgment case. Ag Aero Distributors, Inc., plaintiff, sued Charles J. Schindler, defendant, on a past due promissory note executed by defendant and payable to plaintiff's order. Judgment was rendered for plaintiff. Defendant has appealed. We reverse and remand.

Defendant presents two points of error: first, that the trial court erred in granting plaintiff's motion to deem its request for admissions admitted; and, second, that the trial court erred in granting summary judgment because genuine issues of material fact exist.

Plaintiff filed its petition on February 5, 1971. It alleged that on June 4, 1970, defendant executed and delivered to it his promissory note[1] in the original principal sum of $1,500.00 payable to plaintiff's order 45 days after date, with interest thereon from date thereof at the rate of 8% per annum; that the note was unpaid; that the note was not entitled to any offsets or credits; and that plaintiff was the legal owner and holder of the note.

Defendant timely filed a sworn answer. In addition to denying generally the allegations of plaintiff's petition, he specially denied liability on the note because of failure of consideration. He admitted in his answer that he executed the note as part of the purchase price for an aircraft which plaintiff sold to him on June 4, 1970. He averred that plaintiff "warranted said aircraft to be in good operable condition and to perform well", but that after delivery it was discovered that the "longerons were defective and should be repaired"; that he was notified by the FAA that "the aircraft was not airworthy and that until repaired properly it was grounded"; that he requested plaintiff to replace the aircraft "with an airworthy aircraft, or to return defendant's purchase price", and that plaintiff refused to do either.

Plaintiff filed a request for admissions on July 12, 1971, wherein twenty-five days "after receipt hereof" were given defendant for answer thereto. Plaintiff filed a motion for summary judgment on September 2, 1971, and a motion on September 7, 1971 to deem the matters inquired about in its request for admissions admitted. Both motions were predicated upon the absence of answers to the previously filed request for admissions. On September 13, 1971, defendant, without leave or permission of court, filed answers to the request for admissions which, according to plaintiff's unchallenged statement in its brief, was twenty-eight days late. Such answers admit that defendant executed and delivered the note made the basis of suit, that the copy of the note attached to plaintiff's petition is a true and correct copy of the original, that defendant's signature as the same appears on the copy is a true representation of his signature, and that defendant had not paid any part of the note; however, the answers further deny that the aircraft met the standard specifications of the manufacturer, or that the aircraft, after it was repaired, performed and operated as a new

---

1. A copy of the note, not the original, was attached to plaintiff's petition as Exhibit "A".

It was not attested to as a "sworn or certified" copy.

aircraft. They further stated that the aircraft was structurally defective when it was delivered. In summary, the answers set up several issues of fact relating to the defendant's defense of failure of consideration that could only be resolved by the trier of facts after a trial on the merits.

On September 15, 1971, defendant filed a motion to permit the delayed filing of his answers to plaintiff's request for admissions. The trial court, on February 23, 1972, granted both of plaintiff's motions, denied defendant's motion, and entered summary judgment for plaintiff. On motion for rehearing by defendant, the trial court, on March 23, 1972, vacated the summary judgment and the order which granted plaintiff's motion that the matters inquired about in its request for admissions be deemed admitted, and granted defendant's motion to permit him to file his answers to the request for admissions out of time.

Thereafter, plaintiff, on February 12, 1973, filed its second motion that the matters inquired about in its request for admissions be deemed admitted, and, on the same day, filed its second motion for summary judgment, wherein it alleged that defendant had admitted its requests for admissions as shown by his failure "to make any response or reply to such request within the time prescribed", and that "as a matter of law there is no material disputed fact issue in this case".

Summary judgment was rendered in plaintiff's favor on April 4, 1973 for $1,500.00 with interest thereon at 8% per annum from June 4, 1970 until paid, for attorney's fees in the amount of $275.00 with interest thereon at 6% per annum from date of judgment, and for court costs. The judgment recited that plaintiff's requests for admissions "are hereby in all things deemed admitted by the defendant", and that defendant's motion to permit the delayed filing of his answers to plaintiff's request for admissions "be, and the same is hereby denied".

As a result the following facts were deemed admitted: 1) that the copy of the note attached to plaintiff's petition is a true and correct copy of the original note; 2) that defendant executed and delivered the note sued on to plaintiff; 3) that defendant had not paid any part of the note; 4) that defendant received the aircraft in question in June, 1970; 5) that the aircraft was repaired pursuant to FFA Airworthiness Directive 69–23–3 Amendment 39–871 at the expense of Piper Aircraft Corporation and not at defendant's expense; 6) that defendant refused to permit Piper Aircraft Corporation or any of its agents to repair the aircraft until sometime in October, 1970; 7) that defendant still has the aircraft and has used it since it has been repaired; and, 8) that the aircraft, "after it was repaired, performed and operated and now performs and operates in the same manner as a new aircraft".

The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters inquired about in a request for admissions where there is neither answer nor denial within the time specified in the request. The trial judge, under the Rule, also has broad discretion in refusing or granting a motion of the non-answering party to permit the filing of an answer or denial to the request for admissions after the time therefor has expired. The ruling made by the trial court in the exercise of that discretion in either situation will be set aside only upon a showing of a clear abuse. Meyer v. Tunks, 360 S.W.2d 518 (Tex. Sup.1962); Fisher v. Continental Ill. Nat. B. & T. Co. of Chicago, 424 S.W.2d 664 (Tex.Civ.—Houston 14th District 1958, writ ref'd n. r. e.); Hankins v. Haffa, 469 S.W.2d 733 (Tex.Civ.App.—Amarillo 1971, n. w. h.). However, where, as in the case at bar, the trial court, in the exercise of its discretion, permits the late filing of answers to a request for admissions and the answers are actually filed in the case, the permission to file such answers may not be

revoked thereafter except upon a showing of good cause.

■ From March 23, 1972 until the rendition of judgment on April 4, 1973, defendant's answers to plaintiff's request for admissions were on file pursuant to permission and order of the court. Those answers raised genuine issues of fact. The order granting defendant permission for late filing of such answers was never vacated or set aside prior to the signing, entry and rendition of the appealed judgment. While plaintiff opposed defendant's motion prior to the entry of the order on March 23, 1972 (which granted defendant leave to file his answers), plaintiff did not object or except to such order at the time it was made or at any time thereafter. There is nothing in the record that shows why defendant, after having been permitted to file his answers, should thereafter be denied such permission. The granting of plaintiff's motion with respect to the deemed admissions was error. Defendant's first point is sustained.

■ This is not a case where summary judgment was rendered on the pleadings alone. Judgment was rendered for plaintiff solely on the basis that the deemed admissions established plaintiff's factual and legal right to a summary judgment as a matter of law. The trial court necessarily found that the summary judgment proof amounted to legal admissions of fact as to all essential elements of plaintiff's cause of action. There are several reasons why it was error to grant summary judgment in this case. The answers by defendant to the request for admissions raised issues of fact. Defendant's sworn answer to plaintiff's petition outlined factual issues. The affidavit filed by defendant in support of his opposition to plaintiff's motion for summary judgment alleged that "the aircraft actually delivered to me was not a new, airworthy aircraft as specified in the contract, but instead, was defective and not airworthy", and that the aircraft, after it was repaired, "was still defective, being subject to non-engine, in-flight vibration and it will not hold a trim". Such matters preclude the rendition of summary judgment.

Independently of the reasons already stated, there is still another reason which prevents the granting of summary judgment. There is no summary judgment proof that plaintiff was the legal owner and holder of the note at the time suit was filed or when judgment was rendered. Nothing in plaintiff's request for admissions requests that defendant admit that plaintiff is the present legal owner and holder of the note, and there is no admission of that fact by defendant in either his pleadings or in his affidavit that was filed in opposition to plaintiff's motion for summary judgment.

■ The plaintiff, to be entitled to summary judgment in a suit on a promissory note, must prove by summary judgment evidence that he is the present legal owner and holder of the note sued upon. Texas National Corporation v. United Systems International, Inc., 493 S.W.2d 738 (Tex.Sup.1973); Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971); Perkins v. Crittenden, 462 S.W.2d 565 (Tex.Sup.1970). One of the essential elements of the cause of action in a suit on a promissory note is that plaintiff be the legal owner and holder of the note at the time of suit. A general denial raises that issue, and places the burden on plaintiff to prove that fact. Rule 92, T.R.Civ.P.; Alexander v. Houston Oil Field Material Company, 386 S.W.2d 540 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.); Dameris v. Homestead Bank, 495 S. W.2d 52 (Tex.Civ.App.—Houston 1st Dist. 1973, n. w. h.); Blair v. Halliburton Company, 456 S.W.2d 414 (Tex.Civ. App.—El Paso 1970, n. w. h.). Plaintiff did not meet its burden.

■ The note itself was not before the trial court by any kind of summary judgment proof. Nowhere do we find in the summary judgment evidence presented

by plaintiff that it was the present legal owner and holder of the note. Pleadings are not evidence of that fact. Under the circumstances, defendant's general denial alone forestalls the rendition of summary judgment. Defendant's second point is sustained.

The judgment of the trial court is reversed and the cause is remanded.