WILLIAMS, C. J., not sitting.

John T. WILLIAMS, Appellant,

v.

FIRST NATIONAL BANK OF FLOUR BLUFF, Appellee.

No. 913.

Court of Civil Appeals of Texas, Corpus Christi.

June 5, 1975.

Hubert L. Stone, Jr., Corpus Christi, for appellant.

David V. Herin, Fischer & Fischer, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This summary judgment action arose from a suit brought by First National Bank of Flour Bluff against John T. Williams. There, the bank sought to recover the indebtedness evidenced by a combined retail installment contract and security agreement and to foreclose the security interest and lien covering a travel trailer.

The trial court granted the bank's motion for summary judgment and entered judgment in favor of the bank for $4,957.40, for foreclosure of the lien, and for order of sale of the trailer. Williams appeals from that judgment.

On April 12, 1972, Williams, as buyer, executed and delivered to Bishop Mobile Center, (not a party to this suit) as seller, the instrument in question. Thereafter, Bishop assigned its interest in the instrument to the bank.

The bank contends that Williams has defaulted on the note payments and that its summary judgment evidence shows the bank to be the holder and owner of the note and thus entitled to judgment as a matter of law.

By affidavit, Williams states that a fact issue exists whether his execution and delivery of the instrument was conditioned upon the agreement of the bank to furnish insurance which would make the payments called for, should Williams become disabled. Williams says that payments which the bank alleges to be in default ". . . would have been paid by the insurance *to be provided by Plaintiff.*" (Emphasis added). Further, he states that no valid insurance policy was provided by the bank even though he was charged for and paid for such insurance.

The copy of the instrument filed in this case clearly shows that Williams requested credit life, together with accident and health insurance. It further shows that he

was charged $369.26 for such insurance and that part of the indebtedness evidenced by the instrument was attributable to the insurance premiums. The bank's exhibit "B" demonstrates that some payments were made by Williams.

In his two points of error, appellant asserts that in failing to procure insurance for appellant, appellee has become an insurer; that the pleadings, motions and affidavits on file in the cause do not show that no bona fide fact issue exists with regard to appellant's liability to appellee.

■ Both of appellant's contentions will be discussed together. The burden of proving that there is no genuine issue of any material fact is upon the movant. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the moving party. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.1965); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

■ However, where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense. Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958). By sworn affidavit, John W. Greene, vice president of appellee bank, stated that the bank is the owner and holder of the instrument. He identified exhibit "A", attached to the affidavit, as a copy of the instrument. Mr. Greene further stated that the instrument was executed and delivered by appellant and that appellant had defaulted in the payment of the indebtedness there represented. He establishes the unpaid principal and interest as $4,207.40.

Exhibit "A" bears the signature of appellant. It also demonstrates that the appellee was not an original party to the instrument. The original terms and covenants of the obligation were between appellant and Bishop. On April 24, 1972, Bishop assigned the total of payments due it under the terms of the note to appellee. The first installment payment on the instrument was not due until May 15, 1972. Thus, there was no default in the installment payments at the time of the transfer to appellee.

Appellant's controverting affidavit appears to admit execution and delivery of the instrument. Having established that appellant executed and delivered the instrument in question to Bishop; that it was assigned for valuable consideration to appellee; that appellee is the holder and owner; and that the payments were in default, the judgment in favor of appellee was proper, unless appellant has come forward to show that there is a disputed fact issue upon an affirmative defense. See Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971); Schindler v. Ag Aero Distributors, Inc., 502 S.W.2d 581 (Tex.Civ.App.—Corpus Christi 1973, no writ).

Appellant's contentions that a fact issue is raised appear to rest upon two theories.

■ First, appellant contends that in agreeing to purchase insurance for appellant, appellee had a duty during the time appellant was totally disabled, to make the unpaid installment payments because it failed to purchase valid insurance in behalf of appellant. There is, however, no evidence that appellee agreed to purchase insurance for appellant. Any such agreement was clearly between appellant and Bishop.

■ Second, appellant apparently contends that there is a failure of consideration to support the obligations under the instrument in that no insurance was obtained by appellee. Assuming that no valid insurance policy was provided by appellee, appellant

has not raised the issue of failure of consideration. As previously noted, the burden of the obligation, if any, to procure proper insurance for appellant was upon Bishop. Appellant has failed to introduce any evidence that Bishop did not procure an insurance policy in behalf of appellant.

Because the appellee has demonstrated that there are no material fact issues regarding appellee's claim, the judgment of the trial court was proper. All of appellant's points of error are overruled.

The judgment of the trial court is affirmed.