Daniel K. JOHNSON, Appellant,

v.

AMERICANA MOTEL, Appellee.

No. 16343.

Court of Civil Appeals of Texas, San Antonio.

June 30, 1980.

Rehearing Denied July 25, 1980.

---

294

Daniel K. Johnson, pro se.

Tom C. Wheat, Lloyd, Ellzey & Lloyd, Alice, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a summary judgment proceeding. Both plaintiff Daniel K. Johnson and defendant Americana Motel, Inc., filed motions for summary judgment. The trial court granted defendant's motion and denied plaintiff's motion. The parties will be generally referred to herein as they were in the trial court.

Plaintiff filed suit in the district court of Jim Wells County against defendant seeking to recover the sum of $735 for chemical supplies allegedly sold and delivered to defendant. Plaintiff contends that his suit is a suit on a sworn account under Rule 185, Texas Rules of Civil Procedure, which is disputed by defendant. Plaintiff's petition is sworn to. Defendant's original answer consisted of a plea in abatement; a number of special exceptions; a specific denial that defendant is indebted to plaintiff; that defendant ordered or received any of the com-

mercial chemicals and that each and every item in plaintiff's petition was just and true; and a general denial. This answer is sworn to.

Plaintiff, thereafter, filed his first set of interrogatories and request for admissions. Defendant did not timely reply or answer such interrogatories and request for admissions, and, on February 12, 1979, plaintiff filed a motion for summary judgment. Such motion for summary judgment contains no supporting affidavit. On March 14, 1979, defendant filed its answers to the interrogatories propounded to it and also filed its motion for summary judgment together with the supporting affidavit and certain exhibits.[1]

On May 9, 1979, the trial court granted defendant's motion for summary judgment and overruled plaintiff's motion for summary judgment. The judgment recites that plaintiff answered and was notified of the time, date and place of the hearing on summary judgment, but failed to appear.

Plaintiff's sole point of error is that the trial court erred in granting defendant's motion for summary judgment and in failing to grant plaintiff's motion for summary judgment.

 In a summary judgment proceeding the burden is on the movant to establish as a matter of law all matters constituting his cause of action or defense. In such cases the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. The provisions of Rule 166–A, Texas Rules of Civil Procedure, are applicable

alike to defendants and plaintiffs who move for summary judgment; the judgment should be granted, and if granted should be affirmed, only if the summary judgment record establishes a right thereto as a matter of law. *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Gulbenkian v. Penn.*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Cf. City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

We first consider appellant's assertion that the trial court erred in refusing to grant his motion for summary judgment. This motion is based on two premises: (1) that plaintiff's suit is one on a sworn account properly verified which was not properly denied under oath pursuant to the provisions of Tex.R.Civ.P. 185 and that he is entitled to judgment as a matter of law; and (2) that defendant did not timely answer his interrogatories and request for admissions and, consequently, they are deemed admitted, and that such admissions entitle him to a summary judgment. We reject both of these contentions.

 A sworn account under Rule 185 must show with reasonable certainty the nature of each item, the date and the charges therefor. Plaintiff's pleadings wholly fail to comply with such requisites and is simply a statement of an alleged debt. There is no identification contained in the pleadings, nor are there any invoices or other writings attached to such pleadings which would identify the nature of the items constituting the sworn account. A general statement contained in an affidavit without description of the specific items is insufficient to comply with the rule. *Howard v. Weisberg*, 583 S.W.2d 920, 921 (Tex. Civ.App.–Dallas 1979, no writ); *Juarez v. Dunn*, 567 S.W.2d 223, 226 (Tex.Civ.App.–El Paso 1978, writ ref'd n.r.e.); *Hassler v. Tex-*

---

1. In its answer to the written interrogatories and request for admissions, defendant denies that (a) he ever received or consumed any purported chemicals sent by plaintiff, (b) he is now or has ever been indebted to plaintiff in the amount of $735 for commercial chemicals. In its answer to plaintiff's petition, and motion for summary judgment, defendant also denies under oath that (a) it had received or ordered any chemicals from plaintiff, (b) it had ever received a bill from plaintiff pertaining to such chemicals, and (c) it had ever heard of plaintiff or had any business dealings with him.

as *Gypsum Co., Inc.*, 525 S.W.2d 53, 54 (Tex.Civ.App.–Dallas 1975, no writ); *Biscamp v. Zeno Carpet Co.*, 473 S.W.2d 218, 220 (Tex.Civ.App.–Beaumont 1971, no writ). There is nothing in the summary judgment evidence to establish plaintiff's claim or debt as a matter of law.

Rule 169, Texas Rules of Civil Procedure, provides in part:

> Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after delivery thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed, delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters.

In the case before us, plaintiff's interrogatories and requests for admissions were mailed to defendant on December 25, 1978, requesting answers thereof within thirty days. On February 12, 1979, plaintiff filed his motion for summary judgment. On March 14, 1979, defendant answered such interrogatories and requests for admissions and also filed its motion for summary judgment. On March 30, 1979, defendant filed a motion for extension of time to file answers to such interrogatories and requests for admissions, which was granted by the trial court on that date. The motions for summary judgments were subsequently passed upon by the trial court on May 9, 1979.

The case of *Schindler v. Ag Aero Distributors, Inc.*, 502 S.W.2d 581 (Tex.Civ.App.–Corpus Christi 1973, no writ), is almost factually identical with the case before us and is directly in point. Plaintiff in that case filed requests for admissions which were not timely answered. Plaintiff then filed a motion for summary judgment. After the filing of the motion for summary judgment, defendant, without leave or permission of

the court, filed answers, some of which were admitted and some denied. Thereafter, defendant filed a motion to permit a delayed filing. Subsequently, the trial court granted defendant's motion to permit him to file his answers to the request for admissions out of time. Shortly thereafter, the motions for summary judgments were acted on by the trial court. The court of civil appeals in its opinion stated:

> The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters inquired about in a request for admissions where there is neither answer nor denial within the time specified in the request. The trial judge, under the Rule, also has broad discretion in refusing or granting a motion of the non-answering party to permit the filing of an answer or denial to the request for admissions after the time therefor has expired. The ruling made by the trial court in the exercise of that discretion in either situation will be set aside only upon a showing of a clear abuse. [Citations omitted.]

502 S.W.2d at 584.

In *Taylor v. Lewis*, 553 S.W.2d 153 (Tex. Civ.App.–Amarillo 1977, writ ref'd n.r.e.), the court stated:

> Rule 169 was designed, not as a trap to prevent the presentation of the truth in a full hearing but as a tool for the fair disposition of litigation with a minimum of delay. *Bynum v. Shatto*, 514 S.W.2d 808, 811 (Tex.Civ.App.–Corpus Christi 1974, no writ); *Gordon v. Williams*, 164 S.W.2d 867, 868 (Tex.Civ.App.–Eastland 1942, writ ref'd w. o. m.). Thus, the court has considerable discretion whether to apply the sanctions authorized by Rule 169, and the ruling of the court will be disturbed only upon a showing of a clear abuse of that discretion. *Schindler v. Ag Aero Distributors, Inc.*, 502 S.W.2d 581, 584 (Tex.Civ.App.–Corpus Christi 1973, no writ), and cases there cited.

553 S.W.2d at 160.

We find no abuse of discretion by the trial court in permitting the late filing of

the answers to such interrogatories and requests for admissions.

Under the record plaintiff was not entitled to a summary judgment and the trial court did not err in failing to grant his motion for summary judgment.

■ In addition, we also hold that defendant's motion for summary judgment should not have been granted. While plaintiff's pleadings were not sufficient to satisfy the requisites of a sworn account under Rule 185, they were sufficient to constitute a suit on a debt. Plaintiff has sworn under oath that defendant owes him $735 for goods sold and delivered to defendant, which sum has not been paid. Defendant by sworn answer to such pleadings and its answer to interrogatories and requests for admissions denies that it owes plaintiff anything. While we have controverting pleadings and affidavits we do not have any summary judgment evidence which would entitle either party to a summary judgment. The record before us only sets up controversial issues of fact to be determined by the trier of the facts. The evidence does not entitle either party to a judgment as a matter of law.

The judgment of the trial court is reversed and this case remanded to the trial court for a new trial.

CADENA, Chief Justice, dissenting.

I would affirm.

Defendant's motion for summary judgment was supported by an affidavit unequivocally and categorically asserting that defendant had neither ordered nor received the goods in question from plaintiff and that defendant owed plaintiff nothing. Plaintiff filed no controverting affidavits, nor did he attempt to obtain a delay to enable him to secure controverting summary judgment evidence. Under these circumstances, the trial court correctly granted defendant's motion for summary judgment. *Lazidis v. Goidl*, 564 S.W.2d 453, 456 (Tex.Civ.App.–Dallas 1978, no writ); *Pleasant v. Johnson*, 367 S.W.2d 173, 181 (Tex. Civ.App.–Beaumont 1963, writ ref'd n. r. e.).

Plaintiff's pleadings, although verified, cannot be considered competent summary judgment evidence. *Hidalgo v. Surety Savings and Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971).

Plaintiff did not question the form of defendant's affidavit.