JOHN O. P AND W. K. BOND V. MICHAEL MALLOW.

There is no statement of facts, and we must presume that all the proof neces-
sary to sustain the verdict was adduced.

Where suit is brought upon a promissory note, against the maker, the most
that can be claimed for a plea of general denial is, to require plaintiff to pro-
duce the note ; but it seems that this should be produced at the trial, whether
there be pleadings by the defendant or not.

We have repeatedly held that where the evidence is all on one side, and suffi-
cient to support the verdict, it is no invasion of the province of the jury, for
the Court to instruct them to find such verdict.

Error from Guadalupe.  Tried below before the Hon. Tho-
mas J. Devine.

The note was not payable in Guadalupe on its face.  It
seems, from the instructions of the Court, that the plea of pri-
vilege was submitted to the jury with the general issue.  The
plea was not sworn to ; but there was no exception to it.  It
seems to have been the opinion of the Court below, that the
fact that the land for which the note was given, and against
which the plaintiff was asserting his vendor's lien, lay in Gua-
dalupe, gave the District Court of that county jurisdiction,
without regard to the residence of the defendant.  But there
being no exception or statement of facts, the point was not
presented in this Court.

*J. Ireland*, for plaintiffs in error.

*Hancock & West*, for defendant in error.

HEMPHILL, CH. J.  Suit on a note by the Bonds, promising
to pay Mallow fifteen hundred dollars for a tract of land pur-
chased of him.  The note was set out in the petition.  The de-
fendants pleaded a general denial, and that they were citizens
of Gonzales and not suable in the county of Guadalupe.  The

judgment was for plaintiff for the amount of the notes, and foreclosure of the lien upon the land.

Several errors were assigned, but one of which was insisted upon in argument by the plaintiffs in error, and this was to the effect that the Court erred in its charge, in assuming the debt to be proved and sustained.

The charge in substance was, that if the jury believed from the evidence that the land described in the petition was the land for which the note was given, and that it is in Guadalupe county, they will so state and render a verdict in favor of the plaintiffs for the amount of the note sued upon with interest.

There can be no valid objection to the direction of the Court to find for the plaintiff the amount of the note, and interest. There is no statement of facts, and we must presume that all the proof necessary to sustain the verdict was adduced. The pleadings of the defendant disclosed no defence. The general denial to a suit on a note being as nearly equivalent to no answer as it can be and yet have the name of a plea. The most that can be claimed for it would be to require of the plaintiff the production of the note. But this should be produced at the trial, whether there be or not pleadings by the defendant.

The presumption is that there was no variance between the note sued upon and the one offered in evidence. If there was, objection should have been made at the time, and its not being made is proof that there was no foundation for such objection. The case is presented here as if there was not a scintilla of evidence against the note ; and there was no error in the instruction to find for its amount with interest. The charge is not in conflict with the Statute which forbids a Judge to charge on the weight of evidence; then as to the note there was no conflict, nothing for the jury to weigh or balance or have any doubt upon at all. Would it not be preposterous to require a Judge (where a note is sued upon, set out in the pleadings and offered in evidence, without objection on the part of the defendant who appeared) to instruct the jury that they must take

the adduced note, and compare it carefully with the one described in the petition, and if they found no variance, they should give a verdict for the plaintiff ; and if he did not so charge, but simply instructed them to find for the plaintiff, the judgment should be set aside? We have repeatedly held that where the evidence was all on one side, and sufficient to support the verdict, it is no invasion of the province of the jury, for the Court to instruct them to find such verdict. (5 Tex. R. 151 ; 10 Id. 116 ; 11 Id. 585.) We believe the defendant in error to be entitled to the benefit of his suggestion of delay, and it is ordered that the judgment be affirmed with damages.

Affirmed with damages.