JACOB HABY v. JACOB KOENIG AND WIFE.

(No. 922.)

INJUNCTION — EQUITY PRACTICE. — Equity will interpose by injunction to restrain the violation of a right to an easement, when.

JURISDICTION; district court has, when.

CHARGE; presume no injury has been done when there is no statement of facts.

APPEAL from Medina county. Opinion by WATTS, J.

STATEMENT.— January 2, 1882, appellees brought this suit against appellant to establish their right to an easement or private way over certain lands, to compel him to remove obstructions therefrom, and to recover damages for obstructing the same, claiming that Joseph Haby, deceased, had on the 21st day of November, 1854, divided among his six children his third of a league of land; that the uplands were divided into six house-lots, and the valley lands into six farm-lots, and had by deed of that date conveyed to each of his children, including appellant and appellee, Mrs. Koenig, a house-lot and farm-lot, and by the deed reserved

a right of way or easement along the northern boundary line of the survey, ten varas wide, for the use and benefit of his children, so as to enable them to have access to their farms, and that said way had been in constant use for more than twenty-five years, when appellant wantonly and maliciously obstructed the same by fencing across the way for the purpose and with the intent to injure them; that all access to their farm was thereby prevented, to their injury, etc. They sought and obtained a preliminary injunction. · Appellant moved to dissolve the injunction, which was refused, and answered by general demurrer and general denial. The demurrer was overruled. April 18, 1883, the cause was tried and verdict returned and judgment rendered against appellant, establishing the way, perpetuating the injunction, and commanding him to remove all obstructions placed in the way by him or under his direction.

The statement of facts, on motion of appellee, was stricken from the record.

OPINION.— But two grounds were assigned in the motion for dissolving the injunction, and these were: 1. For want of equity in the bill. 2. The parties to the suit were not properly described in the bond. The first ground is not well taken, and in the second the bond fully describes the parties to the suit.

It is claimed that the district court had no jurisdiction of the subject-matter of the suit, and for that reason the court should have sustained the general demurrer to the petition. Damages to the amount of $500 were alleged to have accrued to appellees from the wrongful, wanton and malicious acts of the appellant in obstructing their way. There was nothing on the face of the petition to indicate that the claim for damages was made for the purpose of imposing upon the jurisdiction of the courts. And again the title in the land was so far involved in the suit as to confer jurisdiction upon the district court independently of damages claimed. See Dauenhauer v. Devine, 51 Tex., 480; Scripture v. Kent,

Condensed Reports White & Willson, secs. 1056, 1057. It has long been the practice in equity to interpose by injunction to restrain the violation of a right to an easement, where it was made to appear that the injury would be irreparable. High on Injunctions, vol. 1, sec. 848.

As there is no statement of facts in the record which can be considered, this court will presume that no injury resulted from any errors complained of in the charge of the court. See Frost v. Frost, 45 Tex., 325; Cannovan v. Thompson, 12 Tex., 247; Hutchins v. Wade, 20 Tex., 7. No objection as to the sufficiency of the evidence to support the verdict can be considered in the absence of a statement of facts. The rule in such case is that everything will be presumed to have been proved which could have been legally established under the issues made by the pleadings. Bond v. Mallow, 17 Tex., 636; Collins v. Autry, 4 Tex., 371.

JUDGMENT AFFIRMED.