Ernest JONES et al., Appellants,

v.

Ray W. WILLOUGHBY et al., Appellees.

No. 5255.

Court of Civil Appeals of Texas.

El Paso.

April 9, 1958.

Rehearing Denied April 30, 1958.

E. B. O'Quinn, Marfa, for appellants.

Upton, Upton, Baker & Griffis, Neill, Blanks, Lewis & Logan, San Angelo, for appellees.

HAMILTON, Chief Justice.

Ernest Jones and E. B. O'Quinn, appellants herein, filed this trespass to try title suit against Ray W. Willoughby and M. C. Puckett, Trustee, and National Finance Credit Corporation of Texas, for 47,426.25 acres of land in Brewster County, Texas. National Finance Credit Corporation of Texas filed a disclaimer. Appellees Ray W. Willoughby and M. C. Puckett, Trustee, filed a motion for summary judgment, which the court granted, and rendered judgment that plaintiffs take nothing by their action, from which judgment the said Jones and O'Quinn appealed.

Appellees herein contend that a judgment heretofore rendered in cause No. 2591 in the District Court of Brewster County that the plaintiffs therein take nothing is res adjudicata of this action because the same parties and the same lands are involved.

Appellants raise seventeen points in their appeal which, in general, attack the judgment below on two grounds. First, that the judgment in cause No. 2591 in the District Court of Brewster County, Texas, was not res adjudicata of the present action because the lands involved in that cause of action are different from the lands involved in the present cause of action. Second, that the Supreme Court was without jurisdiction in its judgment overruling the judgment of this Court of Civil Appeals which reversed the trial court's judgment in cause No. 2591. We overrule all of said points, and hold that the trial court was correct in entering its summary judgment decreeing that appellants take nothing.

The record in this case reflects that on September 19, 1949, in cause No. 2525, the District Court of Brewster County, appellee Ray Willoughby recovered a money judgment against appellants Ernest Jones and wife, Louise Jones, and judgment foreclosing certain deeds of trust liens against some 47,000 acres of land in Brewster County. In pursuance of said judgment said lands were bought in at a Sheriff's sale by the appellee, Ray Willoughby. The ap-

pellant E. B. O'Quinn represented the appellants in said suit, from which no appeal was taken. Subsequently appellant Jones and wife conveyed by warranty deed an undivided one-half interest in said lands to appellant E. B. O'Quinn, and on March 1, 1950, appellants Ernest Jones and E. B. O'Quinn filed suit in the District Court of Brewster County, Texas, No. 2591, against appellee Willoughby, the National Finance Credit Corporation of Texas, and Jim Skinner, Sheriff of Brewster County, in trespass to try title and to set aside the above Sheriff's sale covering the following described lands, to-wit:

"(A) All those certain lands described in and conveyed by that certain deed dated August 1st, 1945, executed by Gilmer A. Morriss and wife, Pansy Elizabeth Morriss, recorded in Vol. 107, pages 19 et seq of the Deed Records of Brewster County, Texas, to said Ernest Jones.

"(B) All those certain lands and premises described in and conveyed by that certain deed dated August 29th, 1946, executed by Frank Reeder and wife, Ethel Reeder, to said Ernest Jones, recorded in Vol. 109, page 542 et seq of the Deed Records of Brewster County, Texas.

"(C) All those certain lands and premises described in and conveyed by that certain deed dated August 27th, 1946, executed by L. C. Purnell and wife, Laura May Purnell, to said Ernest Jones, recorded in Vol. 109, pages 540 et seq of the Deed Records of Brewster County, Texas."

In that case the trial court rendered judgment that plaintiffs therein recover nothing. On appeal to this court the trial court's judgment was reversed and the cause remanded, 240 S.W.2d 341. The Supreme Court granted a writ of error and reversed the judgment of this Court of Civil Appeals and affirmed the trial court in an exhaustive opinion (151 Tex. 435, 251 S.W.2d 508).

Attached to appellees' motion for summary judgment below were certified copy of Willoughby's answer, his motion for summary judgment, and summary judgment in said cause No. 2591; a certified copy of the mandate of the Supreme Court was also attached to appellees' motion. Also attached to the motion for summary judgment herein was the affidavit of Ray W. Willoughby that he had complete and constant possession of all of the lands involved in this suit since prior to August 30, 1950; that neither Jones nor O'Quinn had possession of any of said lands during any of such time, either in person or through anyone else; that neither Jones nor O'Quinn had obtained any deed to any of said land since prior to August 30, 1950, and that he, Willoughby, had made no deed of any of said land except an instrument dated June 14, 1956. Attached to Willoughby's affidavit is a certified copy of the instrument of June 14, 1956, which shows it to have been a conveyance by Ray W. Willoughby and wife, Clara Willoughby, to M. C. Puckett, Trustee, conveying various properties, including "all lands and interest in lands owned by us in Brewster County, Texas," this conveyance to Puckett as Trustee authorizing the Trustee to sell the property and apply the same on various debts of Willoughby's, amounting to something over $500,000. Attached, also, to the motion for summary judgment is the affidavit of M. C. Puckett that he made no conveyance of any of said lands, either to Jones, O'Quinn, or to anyone else; the affidavit of M. L. Hopson, abstractor, that he had made a careful search of the records of the office of the County Clerk of Brewster County and found no deed or conveyance filed since August 29, 1950, conveying, or purporting to convey, to either Jones or O'Quinn any interest in said lands; and the certificate of J. W. Frazer, County Clerk of Brewster County, that he had made a careful search of his records and found no deed or conveyance filed since August 29, 1950, conveying, or purporting to convey, any of said lands to Jones or O'Quinn by Willoughby or anyone else.

Attached to appellants' reply to the motion for summary judgment in this case was certified copy of the deed from L. C. Purnell and wife, Laura May Purnell, to Ernest Jones, dated August 27, 1946, recorded in Volume 109, page 540 of the Deed Records of Brewster County, Texas. Attached, also, to appellants' reply was certified copy of deed from Frank Reeder and wife, Ethel Reeder, to Ernest Jones, dated August 29, 1946, and recorded in Volume 109, page 542 of the Deed Records of Brewster County, Texas. Also attached to appellants' reply was a certified copy of the deed from Gilmer A. Morriss and wife, Pansy Elizabeth Morriss, to Ernest Jones dated August 1, 1945 and recorded in Volume 107, page 19, of the Deed Records of Brewster County, Texas.

In appellants' petition in this suit, they describe three bodies of land. The first body is described by section number, block number, grantee, and number of acres included. Following the description it is stated that the foregoing lands embrace the aggregate of 23,436.43 acres. Then follows this statement:

"Wherein certain tracts are hereinabove described as parts of surveys, the portions of such surveys so hereinabove conveyed are respectively and more particularly here described and designated as follows:"

Then follows a more particular description of the parts of surveys. After all of the description is this statement:

"said 23,436.43 acres hereinabove described being the same lands described in and conveyed by that certain deed dated August 1, 1945, from Gilmer A. Morriss and wife, Pansy Elizabeth Morriss, to said Ernest Jones, filed for record August 10, 1945, recorded in Volume 107, pages 19 et seq. of said Brewster County Deed Records, to which said deed and its said record reference is here made for all purposes."

The second body of land described in said petition, after setting out the sections and block numbers, grantee, and number of acres in each section, has the following statement:

"The foregoing lands embracing the aggregate of 19,488.95 acres of land, wherein certain tracts are hereinabove described as parts of surveys, the portions of such surveys so hereinabove described, are respectively and more particularly described and designated as follows:"

Here follows the particular description of the parts of surveys referred to above, and then this statement:

"Said 19,488.95 acres hereinabove last described being the same lands described in and conveyed by that certain deed dated August 29th, 1946, from Frank Reeder and wife, Ethel Reeder, to said Ernest Jones, filed for record September 2nd, 1946, and recorded in Vol. 109, pages 542 et seq of said Brewster County Deed Records, to which said deed and its said record reference is here made for all purposes."

The third body of land described in said petition, after survey, block numbers, grantee, and acres included in each survey, or parts of surveys, has the following statement:

"The foregoing lands embracing in the aggregate 4,501 acres of land wherein certain tracts are hereinabove described as parts of surveys, the portions of such surveys so hereinabove described are respectively and more particularly described and designated as follows:"

Then follows the more particular description of the parts of surveys referred to, which is followed by this statement:

"Said 4,501 acres hereinabove last described being the same lands described in and conveyed by that cer-

tain deed dated Aug. 27th, 1946, from L. C. Purnell and wife, Laura May Purnell, to Ernest Jones, filed for record Sept. 2nd, 1946, recorded in Vol. 109, page 540 et seq of the deed records of Brewster County, Texas, to which said deed and its said record reference is here made for all purposes."

■ Appellants contend that, since appellant O'Quinn stated in his affidavit that the lands involved in said cause No. 2591 and in this cause, No. 2907, are different; that a question of fact was raised, and the motion for summary judgment should not have been granted.

■ We do not agree with appellants, and hold that the trial court was correct in holding that such statement is a mere legal conclusion and can be given no effect. A mere reading of the deeds described in plaintiffs' petition in cause No. 2591 and the description of the lands sued for in plaintiffs' petition in this cause, No. 2907, compels one to conclude that the lands involved in both suits are the same. The plaintiffs' petition itself says in no uncertain terms that they are the same lands. While there may have been some imperfect descriptions of land in the prior suit, these were cured by the more particular descriptions in the petition in the present suit. In each instance where the more particular description is given in plaintiffs' petition in the present suit, it is definitely tied to a parcel of land imperfectly described in the prior suit. Nowhere in plaintiffs' petition in the present suit is there any intimation or suggestion that appellants are suing for different land than was sued for in the prior cause, No. 2591.

The mere assertion in the affidavit that the lands in the two suits are different, unsupported by any fact situation by which a difference can be determined, is insufficient to raise an issue. The statement amounts to a mere conclusion and can be given no effect. Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885. w. r. n.

r. e.; Bliss v. City of Fort Worth, Tex. Civ.App., 288 S.W.2d 558, w. r. n. r. e.; Leach v. Cassity's Estate, Tex.Civ.App., 279 S.W.2d 630, w. r. n. r. e.

We will not discuss appellants' points with reference to the jurisdiction of the Supreme Court in the prior cause, No. 2591. That Court has already ruled on the matter when it took jurisdiction and entered its judgment affirming the trial court.

All of appellants' points being overruled, we affirm the judgment of the trial court.

FRASER, J., not participating.