Thomas J. ALEXANDER, Appellant,

v.

HOUSTON OIL FIELD MATERIAL COMPANY, Inc., Appellee.

No. 96.

Court of Civil Appeals of Texas.

Tyler.

Jan. 14, 1965.

Rehearing Denied Feb. 4, 1965.

Fred Lohmeyer, Golden, Croley, Howell, Johnson & Mizell, Dallas, for appellant.

James L. McNees, Jr., McNees & McNees, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment. The appellee, Houston Oil Field Material Company, Inc., brought suit against the appellant, Thomas J. Alexander, on a promissory note bearing date of January 7, 1958, in the principal amount of $37,000.00 alleging that the corporation was the owner and holder of the note and that same was due and unpaid. In addition to the other allegations, appellee's petition alleged that a true copy of the note was attached to the petition and marked as "Exhibit A." Neither the petition nor the attached copy of the note was sworn to or supported by affidavit.

Appellee then filed a brief motion for summary judgment alleging that:

"3. The pleadings on file show that there is no genuine issue as to any material fact, and that this Plaintiff, the moving party, is entitled to a judgment for full recovery upon such claim against said Defendant as a matter of law. * * *

"5. This Motion is made upon the pleadings on file in this cause and the exhibits attached thereto."

The motion was not sworn to or supported by affidavits or any other extrinsic evidence. Appellant's sworn answer consists of a general denial and of the affirmative defense of no consideration.

Upon the hearing of the motion appellee did not offer the original note or present an affidavit or other extrinsic evidence in support of the note. The judgment granting appellee's motion for summary judgment recited as follows:

" * * * and the Court having considered all pleadings on file, and the Court having heard the argument of counsel, the Court is of the opinion and finds that the pleadings show an absence of a genuine issue of any material fact, that the damages are liquidated, and that this Summary Judgment should be rendered for Plaintiff, who is entitled thereto as a matter of law; "

The court rendered judgment against the appellant for a total sum of $55,352.00 from which appellant perfected this appeal.

The record before us consists of only the transcript. The original of the note was not attached to the pleadings or to an affidavit in support of the motion for summary judgment, or by deposition and is not otherwise accounted for.

The recitations in the motion as well as the recitations in the judgment demonstrate that Houston Oil Field Material Company was granted a summary judgment upon the pleadings alone. Our discussion and ruling will therefore be limited to a situation where the motion for summary judgment is directed solely to the pleadings.

■ Appellant's first Point of Error contends that the summary judgment was improvidently granted because neither the original note, nor a certified or sworn copy thereof was attached to the appellee's pleadings or motion and therefore appellant's general denial alone was sufficient to create fact issues on every issue of the appellee's claim, except those required to be denied under oath; hence, there was an issue of fact on whether appellee was the present owner and holder of the note. We find ourselves in agreement with appellant's contention.

"Where a motion is directed solely to the pleadings, and is not supported by affidavits, depositions, admissions, or other extrinsic evidence, the motion is closely analogous to a special exception challenging the sufficiency of the opponent's pleading as a matter of law. It may challenge the sufficiency of the petition to allege an enforceable claim, or assert that it shows on its face the existence of a defense, or it may urge that the answer fails to state a tenable defense. No supporting or counter-affidavits are necessary on such a motion. If the pleading, when liberally construed, is sufficient in law to show a fact issue, the motion will be overruled. * * * " McDonald, Texas Civil Practice, Vol. 4, para. 17.26.3.

In 9 Tex.Jur.2d, page 293 it is said:

"And although a general denial does not put the plaintiff on proof of the execution of the instrument in suit it requires him to produce the instrument and introduce it as evidence or to show an excuse for not doing so."

This has long been the settled law in Texas. See Bedwell v. Thompson, 25 Tex.Supp. 247; Jackes-Evans Mfg. Co. v. Goss, (Tex. Civ.App.) 254 S.W. 320; Webb v. Reynolds, (Tex.Com.App.) 207 S.W. 914.

■ The purpose of requiring proof of the fact that appellee was in possession of the instrument sued on was, of course, to show that the instrument had not been transferred or assigned to another; in other words, that the appellee was the then holder. Stanford v. Franklin, (Tex.Civ. App.) 312 S.W.2d 703, 705.

■ Unlike some other jurisdictions, and perhaps unfortunately, our rules of procedure authorize the defensive plea of general denial; and by the express terms of Rule 92, Texas Rules of Civil Procedure the plea puts in issue all matters pleaded by the adverse party which are not required to be denied under oath. Thus the defensive plea of general denial is suffi-

cient in law to raise issues of fact with respect to every matter essential to the plaintiff's right of recovery save only those matters required to be denied under oath, and puts the burden on the plaintiff of proving all such matters. Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656; Altgelt v. Emilienburg, 64 Tex. 150. Once this fact is recognized, it follows necessarily that a summary judgment on the pleadings may never properly be entered for a plaintiff when the defendant has a general denial on file—not even in a suit on a promissory note.

■ As in all other types of suits, a general denial in a suit upon a note puts in issue all matters pleaded by the plaintiff which are not required to be denied under oath. 9 Tex.Jur.2d 292. A general denial thus undoubtedly puts in issue allegations that the plaintiff is the owner or holder of the note, that the same is due together with the amount due and owing thereon. Proof of these matters is essential to the right of recovery. Neither the Negotiable Instruments Act nor the Rules of Civil Procedure require that any of them be denied under oath before they can be disproved. Traverse of them is not an affirmative defense to be specially pleaded under Rule 94, T.R.C.P.

■ In an ordinary trial on the merits the plaintiff could discharge this burden by producing and introducing the note into evidence. The only difference between an ordinary trial on the merits and a summary judgment proceeding, with the general denial on file, lies in the type of evidence required. In the summary judgment proceeding, appellee could have discharged its burden without producing and introducing the original note under Rule 166–A(e) T.R.C.P. by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with the affidavit. Without such proof, an unsworn pleading will not support a summary judgment. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274.

The holding of the Supreme Court in Southwestern Fire & Casualty Company v. Larue, Tex., 367 S.W.2d 162 is not thought to in any way alter the situation presented here. As we construe the holding of the majority, the case went off as a point of appellate procedure and merely held that since the appellant presented no assignment of error complaining of appellee's failure to attach the original note or to make proper proof thereof, the matter was not therefore properly before the court for review and hence the point was waived.

■ Appellee likewise contends here that the appellant waived his right to complain because he failed to object in the trial court of appellee's failure to attach the original note to its pleadings or otherwise get the same before the court by affidavit or deposition. We cannot agree with this contention. "The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him." McDonald, Texas Civil Practice, Vol. 4, page 1392, para. 17.26 (VI); Gardner v. Martin, supra.

■ Unless the plaintiff can demonstrate that he is the present owner and holder of a negotiable note, he has no claim. A general denial imposes on the plaintiff the duty of producing and offering in evidence the note sued on. Robinson v. Brinson, 20 Tex. 438, 440; Kinnard v. Herlock, 20 Tex. 48; Bond v. Mallow, 17 Tex. 636, 637. In face of the general denial the question of whether the appellee was the owner and holder of the note was a question of a material fact. As pointed out before, this fact could have been established and the appellee's burden discharged by attaching the original note to the petition or motion for summary judgment. If appellee had sought summary judgment on proofs rather than on pleadings, this fact could have been established by a simple affidavit stating that it was the owner and holder of the note and by attaching thereto a sworn copy

**544**

of the note. With such proofs, appellee failed to discharge its burden of proof.

Appellant's remaining Point of Error presents the additional contention that the granting of the summary judgment was improper because appellant's sworn plea of no consideration raised an issue of fact. In view of our ruling on the first Point of Error, a discussion of this point is not essential; however, we will briefly discuss our view of the matter.

Appellant's sworn pleading alleging his affirmative defense of no consideration fails to set forth any facts demonstrating how or why the consideration failed. It is therefore nothing more than a legal conclusion. The burden of proof on the issue of "no consideration" being an affirmative defense rested upon the appellant. The answer fails to demonstrate that there is a fact issue to be determined in connection with the existence of consideration.

If the effect of the motion for summary judgment is to be considered to be analogous to a special exception challenging the sufficiency of the opponent's pleading to show issues of fact, we think the appellant's plea of only "no consideration" was insufficient to raise an issue of fact. Appellant would be required to show the facts upon which his plea was founded, as was done in Burkett v. Cluck Grain Co., (Tex.Civ.App.) 266 S.W.2d 425. In face of a motion for summary judgment, the general rule is that a pleading by the opposite party setting forth only legal conclusions is insufficient to create a fact issue. Jones v. Willoughby, (Tex.Civ.App.) 312 S.W.2d 426, 429; Lewis v. Ada Employees Credit Union, (Tex.Civ.App.) 383 S.W.2d 864. The point is therefore thought to be without merit.

In view of our ruling in connection with appellant's first Point of Error, the judgment will be reversed and the cause remanded.

Reversed and remanded.