**SECURITY SERVICE FEDERAL CREDIT UNION, Appellant,**

v.

**Thomas W. STONG, Appellee.**

No. 16061.

Court of Civil Appeals of Texas, San Antonio.

Jan. 31, 1979.

Rehearing Denied March 14, 1979.

Terence A. Willis, San Antonio, for appellant.

Samuel D. Dibrell, San Antonio, for appellee.

OPINION

KLINGEMAN, Justice.

This is a summary judgment proceeding. Security Service Federal Credit Union sued Thomas W. Stong to collect on a promissory note alleged to be dated October 24, 1975, in the sum of $1,957.66, and bearing interest at the rate of nine per cent per annum. Defendant's sworn answer consisted of a general denial, and an affirmative defense that he did not execute the note described in plaintiff's petition. Defendant additionally filed a motion for summary judgment, also sworn, in which he denied the execution of the note above described; filed a general denial; and asserted that plaintiff failed to tender to the court or attach to his original petition the promissory note made the basis of this action. Attached to the motion is a sworn affidavit of Thomas W. Stong, which is more fully set forth hereinafter. Plaintiff subsequently filed its first amended petition, seeking recovery on a note alleged to have been executed and delivered by defendant to plaintiff on November 18, 1974, in the principal sum of $2,000.00, with interest at the rate of nine per cent per annum. The first amended petition alleges default, acceleration of payments and maturity of the note, and asks judgment in the sum of $1,957.66, plus interest and attorney's fees. In addition, plaintiff controverted defendant's motion for summary judgment as hereinafter set forth.

At the hearing, the trial court granted defendant's motion for summary judgment, and decreed that plaintiff take nothing.

On appeal, the credit union asserts by seven points of error that the trial court erred in rendering judgment for defendant because (1) defendant did not deny the execution and delivery of the note alleged in

plaintiff's first amended petition and made the basis of this suit; (2) plaintiff did not have the burden of proof to tender or produce the promissory note in the summary judgment proceeding; (3) plaintiff's pleadings are not insufficient as a matter of law; (4) defendant's contention that such pleadings are insufficient is not a proper ground for summary judgment; (5) there is a genuine issue as to a material fact (i. e., whether or not defendant is indebted to plaintiff); (6) defendant did not sustain his burden of showing that there is no genuine issue as to a material fact and that he is entitled to a judgment as a matter of law; and (7) defendant's contention that he is not indebted to plaintiff is not supported by proper pleadings of such affirmative defense.

Defendant's contention that the summary judgment was properly granted rests on plaintiff's failure to introduce, attach, or file the original of the promissory note sued upon; failure to file a sworn or verified copy thereof; or to account for non-production of the note at the hearing. Defendant further insists that he did not execute the note made the basis of this action and contends that he owes plaintiff nothing. In summary, he urges that he is entitled to judgment as a matter of law on the basis of the pleadings.

The record before us contains only the transcript. The summary judgment evidence consists of a supporting affidavit made by defendant and a controverting affidavit made by the collection manager of the credit union. Both affidavits are those of interested witnesses or parties.

The contents of the two affidavits may be summarized as follows:

*Supporting Affidavit of Defendant-Movant*

Defendant did not on or about October 24, 1975, execute or deliver to plaintiff a promissory note in writing promising to pay plaintiff the sum of $1,957.66. As of the date of the affidavit, defendant is not indebted to plaintiff for any sum of money.

*Controverting Affidavit of Plaintiff*

Defendant on or about November 18, 1974, executed and delivered to plaintiff a promissory note wherein defendant agreed to pay plaintiff the sum of $2,000.00, plus interest at the rate of nine per cent per annum. Sometime around January, 1976, an employee of Security Service Federal Credit Union made a mistake in attempting to follow defendant's instructions to apply his share accounts toward paying off all his loans at the credit union, and incorrectly put information into a computer requesting that defendant's Loan 12 be paid off instead of Loan 13. This error resulted in defendant's having been sent his share balances without the loan having been paid in full.

Affiant is a custodian of records at the credit union and has attached to the affidavit a quarterly statement prepared in connection with federal regulations governing federal credit unions. The statement reflects the status of defendant's member account number 8030–04, which is the account number for the loan of $2,000.00 above described, and the statement sets forth a zero balance in a column labeled "share" and a balance of $1,957.66 in a separate column labeled "loans." Such attached copy is a true copy of the quarterly statement showing the status of defendant's account as of December 31, 1976. The status of such account has not changed since that date, other than accrual of interest, and defendant, as of the date of the signing of plaintiff's controverting affidavit, is indebted to the credit union in the amount of $1,957.66, plus accrued interest, and reasonable attorney's fees.

Rule 166–A of the Texas Rules of Civil Procedure provides that summary judgments shall be rendered if it is shown that "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. The evidence must be viewed in the light most favorable to the party opposing the motion. If the motion involves the

credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

Defendant asserts vigorously that under his pleading (which includes a general denial and a plea alleging plaintiff's failure to introduce the original promissory note, or to produce a sworn or verified copy thereof), he is entitled to judgment as a matter of law, and that summary judgment was properly granted. Defendant relies on several cases to support this contention. *See Texas National Corp. v. United Systems International, Inc.*, 493 S.W.2d 738 (Tex.1973); *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex. 1970); *Alexander v. Houston Oil Field Material Co.*, 386 S.W.2d 540 (Tex.Civ.App.— Tyler 1965, writ ref'd n. r. e.). These cases differ, however, from the one before us; in each of these cases the movant for summary judgment was the owner or holder of the note sued on, and failed to produce or introduce the original of such note, or to attach a sworn or verified copy. The maker of the note in each case filed a general denial. Under these facts, the trial court in each case granted summary judgment for the plaintiff, the owner of the note involved. Each of these summary judgments was reversed by the appellate courts, and each cause was remanded for a trial on the merits. The posture of the parties in these cases, however, is exactly the reverse of what we have here. In these cases, the movant for summary judgment was the note owner or holder. In the present case, the movant is the maker of the note. We agree with the holdings in defendant's cited decisions, since these cases correctly placed the burden of proof on the movant. The trial court in the present case, however, did not. Defendant's reliance on these cases to support his summary judgment is misplaced.

In *Swilley v. Hughes*, 488 S.W.2d 64 (Tex. 1972), the Supreme Court of Texas was faced with an appeal from a suit on a promissory note in which the defendant-makers had been granted summary judgment on the basis of an affirmative defense. The Court held that the granting of the motion was improper since the defendant had not shown, as a matter of law, that there was no consideration for the note sued on or that the agreed consideration had failed. Thus, the court's finding established that in such situations the burden is on the defendant-movant to conclusively prove all the essential elements of his affirmative defense.[1] Later, in *Oram v. Gen-*

---

1. The Court in its opinion stated:

Under Rule 166–A, Texas Rules of Civil Procedure, the party moving for summary judgment has the burden of establishing that there exists no material fact issue and that movant is entitled to judgment as a matter of law. When a defendant moves for summary judgment on the basis of his affirmative defense, he must, therefore, conclusively prove all essential elements of that defense. *Cf. Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). Respondents thus had to show, as a matter of law, that there was no consideration for the note sued on or that the agreed consideration had failed.

The only summary judgment proof offered was the deposition of . . . a party and an interested witness. In order for the testimony of an interested witness to establish a fact, as a matter of law, it must be 'clear, direct and positive' with 'no circumstances in evidence tending to discredit or impeach such testimony.' *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391

*eral American Oil Co.*, 513 S.W.2d 533 (Tex. 1974), the defendant-movant relied upon the statute of limitations as an affirmative defense to bar the plaintiff's cause of action. The Supreme Court held that the non-movant plaintiff was under absolutely no duty to respond to defendant's summary judgment proof since the defendant had failed to conclusively establish that affirmative defense.

To support his motion for summary judgment in the present case, defendant relies on defenses that he did not execute the note and that he does not owe plaintiff any amount of money. It was his burden to establish these defenses as a matter of law. This he failed to do. The only summary judgment evidence consists of two affidavits of interested witnesses. These affidavits are conflicting and contradictory on the defenses relied upon by defendant.

Defendant also contends that plaintiff's pleadings are insufficient as a matter of law, and that under the pleadings defendant is entitled to a summary judgment. Although certain courts of civil appeals have indicated that a motion for summary judgment on the pleadings "partakes of the offense of a general demurrer," a defendant's motion for summary judgment is not per se a general demurrer to the sufficiency of the petition. Instances in which such a motion can be granted are very limited, and the case before us does not present such a situation. It is not a case in which the facts alleged by plaintiff establish the absence of a right of action, or an insuperable barrier to a right of recovery. Under the record before us, defendant was not entitled to judgment as a matter of law, and the trial court erred in granting defendant's motion for summary judgment.

The judgment is reversed and remanded to the trial court for a new trial.

S.W.2d 41 (Tex.1965); *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904 (1942). (Recital of facts omitted.) Those facts are inconsistent with the testimony of [the deponent] that the bargained-for consideration had failed. So, within the summary judgment proof there lie circumstances tending to discredit [the] testimony on failure of consideration. Respondents failed to establish the defense as a matter of law and were not entitled to summary judgment.
488 S.W.2d 64, 67.