Hugh O. Mussina, Dallas, for appellants.

Sowell, Ogg, Capps & Kendall, and David L. Capps, Houston, for appellees.

## OPINION

SPURLOCK, Justice.

This is a suit by Fikes and Associates, a partnership (plaintiff) against Kenneth Dale Evans and Darlene Evans (defendants). The suit is for royalties, to recover on a dishonored check, and on a note. The court in a nonjury trial rendered judgment for plaintiff on his cause of action except on the note. Plaintiff has appealed, complaining it should have also recovered on the note.

We affirm.

The installment note, with no provision for acceleration, was admitted in evidence without objection. Plaintiff offered no evidence that the note was due or the amount due.

Defendants pled under oath a general denial that all lawful and just offsets and credits had not been allowed and that a payment of $8,026.19, an amount in excess of the amount of the note, had been paid and not credited.

Defendant, Kenneth Evans, testified the note was paid and nothing was owed on it. He testified he overpaid the royalty fees and that the plaintiff was overpaid.

The trial court made findings of fact and conclusions of law. It found that the note had no provision for acceleration of maturity; that the note was not due and owing; and that there was no evidence that any

**FIKES AND ASSOCIATES, Appellants,**

v.

**Kenneth Dale EVANS et al., Appellees.**

No. 18349.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 31, 1980.

amount is due and owing under the promissory note. Plaintiff attacks the judgment because the court allegedly erred in holding that the note was not due and owing, and there was no evidence that any amount was due and owing on the note.

In *Southwestern Fire & Casualty Company v. Larue*, 367 S.W.2d 162, 167 (Tex.1963) the trial court rendered judgment on the note, the court of civil appeals reversed, and the supreme court reversed the court of civil appeals. The supreme court held that the record before the court of civil appeals did not raise the real issue in the case which was the proof of the note therein involved. In a dissenting opinion by Chief Justice Calvert, concurred in by Griffin, Walker and Hamilton, the chief justice recognized the fact that the point had not been raised in the court of civil appeals, but wanted to clarify the law. He held that, while all of the elements of plaintiff's claim were taken as confessed as alleged, the amount of plaintiff's damages should not be taken as confessed as alleged. He wrote: "Thus if Larue had defaulted in this case, the trial court could not have rendered the judgment it did render absent production in evidence of the note and testimony showing payments and credits supporting the judgment." He further wrote that the filing of a general denial had the effect of denying the amount owing under the note.

In *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970) the supreme court had the issue properly before it and approved Judge Calvert's dissent in the *Larue, supra,* case.

■ We hold plaintiff had the burden of proving it was the owner or holder of the note; that it was due; that all offsets and credits had been allowed; and the balance due. This it failed to do.

■ In addition thereto, defendant testified that he had paid the note in full. The trial court found there was no evidence that any sum was due under the note, which finding is supported by the evidence. We overrule plaintiff's assignments of error nos. 1 and 2.

By its third and last point of error plaintiff contends that the trial court erred in denying it leave to file an amended petition two days before trial.

The case proceeded to trial on December 12, 1979. Plaintiff attempted to file an amended petition two days before that without obtaining leave. Plaintiff stated in its brief, it did not matter to the judgment in this case whether it went to trial on the original petition or the amended petition which was not allowed. Plaintiff does not contend there was an abuse of discretion, but for purposes of the opinion we do consider that the complaint was made.

■ Tex.R.Civ.P. 63 provides that amendments offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the court is obtained. We hold there was no abuse of discretion. This point is overruled.

Each point has been considered and each is overruled.

Judgment is affirmed.