JONES V. CONNALLY 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-437-CV




JOHN JONES,




 APPELLANT


vs.





AUBREY J. CONNALLY, MATTIE R. CONNALLY AND RANDY COLEMAN,



 APPELLEES



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT



NO. 88-533-C, HONORABLE JAMES C. ONION, JUDGE PRESIDING



 




 Aubrey J. Connally, Mattie R. Connally, and Randy Coleman, appellees, brought
suit against John Jones, appellant, seeking a judgment against Jones for the debt of a partnership
of which Jones was a partner; appellees alleged that they had already obtained a judgment against
the partnership for the debt. The trial court rendered summary judgment against Jones. On
appeal, Jones argues that the evidence was insufficient to support summary judgment. We agree
and will reverse the trial court's judgment and remand the cause.



BACKGROUND


 Jones does not dispute that he was a partner in the Oak Bluff Joint Venture ("Oak
Bluff"). In their Second Amended Original Petition, appellees alleged the following:



 On or about January 4, 1988, in the Honorable 26th Judicial Court of
Williamson County, Texas, in Cause No. 86-164-C, Aubrey J. Connally and
Mattie R. Connally recovered a Judgment against Oak Bluff Joint Venture for the
sum of $106,782.09 plus attorneys' fees in the amount of $12,465.00 and court
costs of $910.20 with post judgment interest at the lawful rate, and Randy Coleman
recovered a judgment against Oak Bluff Joint Venture for the sum of $30,017.85
plus attorneys' fees in the amount of $8,190.00. On various occasions, the
plaintiffs have attempted to collect on this Judgment. However, as of August 3,
1988, the plaintiffs have been unable to recover any of this amount from Oak Bluff
Joint Venture.


 As a result of the aforementioned Judgment, the Oak Bluff Joint Venture
has become indebted to Aubrey and Mattie Connally and to Randy Coleman.


 As [a partner] in the Oak Bluff Joint Venture, under Tex. Rev. Civ. Stat.
art. 6132(b) section 15, [Jones] is jointly and severally liable for all of the
obligations and debts of Oak Bluff Joint Venture. Such obligations and debts
include the Judgment.



Based on such pleading, the appellees filed a motion for summary judgment to establish Jones's
individual liability for the prior judgment against Oak Bluff, which the trial court granted.



STANDARD OF REVIEW


 The standards for reviewing a summary judgment are well established:



1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of
law.


2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.


3. Every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor.



Nixon v. Mr. Property Mgt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).



DISCUSSION


 Article 6132b of the Revised Civil Statutes provides that "[a]ll partners are liable
jointly and severally for all debts and obligations of the partnership . . . ." Tex. Rev. Civ. Stat.
Ann. art 6132b, § 15 (1970). On the basis of this statute, appellees argue that, in order to obtain
judgment against Jones individually, they need only establish: (1) the existence of a debt or
obligation on the part of Oak Bluff; and (2) Jones's status as a partner in that partnership. 
However, even if we assume that the appellees have accurately stated their burden, we must
reverse the summary judgment, for the following reasons.

 In support of their motion for summary judgment, appellees did not file any
supporting affidavits, did not file a certified or sworn copy of the prior judgment against Oak
Bluff, and did not include any authenticated portions of the file from Cause No. 86-164-C, the
cause in which the prior judgment was rendered against Oak Bluff. Further, even if it would have
been proper for the trial court to take judicial notice of the file in Cause No. 86-164-C, there is
no indication in the record that it did so. In sum, appellees provided essentially no evidence in
support of their motion for summary judgment.

 Although Jones concedes the existence of Oak Bluff and his own partnership status
therein, the record contains no summary-judgment evidence of the existence of a debt or
obligation on the part of Oak Bluff. An uncertified and unsworn copy of a judgment against Oak
Bluff is attached as an exhibit to another pleading in the record, and Jones attached a copy of such
a judgment to his appellate brief filed in this Court. Even if these documents could somehow be
considered as summary-judgment evidence, however, the record contains no evidence that the
judgment was still unsatisfied at the time the summary judgment was rendered. Accordingly, the
record does not contain conclusive evidence that the prior judgment against Oak Bluff constituted
an existing debt or obligation of that partnership. Therefore, the record necessarily fails to show
conclusively how much, if any, Jones owes appellees as a result of the prior judgment against Oak
Bluff.

 Citing Rules 94 and 95 of the Texas Rules of Civil Procedure, appellees argue that
Jones's failure to plead the affirmative defense of "payment" obviated the need for appellees to
produce proof that the judgment was still due and owing. We disagree. In the analogous case of
a suit on a promissory note, it is well settled that the plaintiff must, even in the face of a mere
general denial, prove: (1) the note in question; (2) that the defendant signed the note; (3) that the
plaintiff is the legal owner and holder of the note; and (4) that a certain balance is due on the
note. See Perkins v. Crittenden, 462 S.W.2d 565, 567 (Tex. 1970) (adopting Chief Justice
Calvert's dissent in Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162, 165-66 (Tex.
1963)); Stiles v. Resolution Trust Corp., No. 05-91-00894-CV (Tex. App.Dallas, April 22,
1992, n.w.h.) (not yet published); Rea v. Sunbelt Savings, 822 S.W.2d 370, 372 (Tex. App.
1992, no writ); Resolution Trust Corp. v. Thurlow, 820 S.W.2d 51, 52 (Tex. App. 1991, no
writ); Cockrell v. Republic Mortgage Ins. Co., 817 S.W.2d 106, 111 (Tex. App. 1991, no writ);
Clark v. Dedina, 658 S.W.2d 293, 295 (Tex. App. 1983, writ dism'd); Fikes & Assoc. v. Evans,
610 S.W.2d 245, 246 (Tex. Civ. App. 1980, no writ); Johnson v. Bond, 540 S.W.2d 516, 518
(Tex. Civ. App. 1976, writ ref'd n.r.e.); Alexander v. Houston Oil Field Material Co., 386
S.W.2d 540, 543 (Tex. Civ. App. 1965, writ ref'd n.r.e.). We see no reason to hold a plaintiff
in the present circumstances, suing an individual partner on a prior judgment taken against the
partnership, to a lesser standard.

 Finally, we note that the appellees alleged that the judgment against Oak Bluff
remained unsatisfied and therefore was an existing debt or obligation of the joint venture. 
However, it is equally well established that pleadings do not constitute summary-judgment proof. 
See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Hidalgo v.
Surety Savings & Loan Ass'n, 462 S.W.2d 540, 543 (Tex. 1971). We sustain Jones's first point
of error.



CONCLUSION


 Based on our foregoing discussion, we conclude that the appellees failed to present
sufficient evidence to establish Jones's liability as a matter of law. Because we sustain Jones's
first point of error, we need not address his remaining points. We reverse the trial court's
judgment and remand the cause for further proceedings.



 

 J. Woodfin Jones, Justice

[Before Justices Powers, Jones and Kidd; Justice Powers not participating]

Reversed and Remanded

Filed: June 24, 1992

[Do Not Publish]