Teegan v. Wright 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-022-CV





DONALD R. TEEGAN, MARION BARICH AND FRANK BARICH,



 APPELLANTS


vs.





GARY G. WRIGHT,



 APPELLEE



 




FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 12,038, HONORABLE JAMES R. MEYERS, JUDGE PRESIDING



 




 This cause arose from a suit for deficiency on a note. Gary G. Wright sued Frank
Barich, Marion Barich, and Donald R. Teegan, partners in BB&T of Texas ("BB&T"), for a
deficiency allegedly owing after foreclosure of a deed of trust which secured a promissory note
executed by Donald R. Teegan, a partner in BB&T. The cause was tried to the court, which
rendered judgment for Wright in an amount of approximately $425,000. The Bariches and
Teegan appeal. We will reverse the judgment of the trial court and render judgment that Wright
take nothing. 



BACKGROUND


 BB&T of Texas, a general partnership composed of the Bariches and Teegan,
bought 910.5 acres of land from Wright in August 1983. Teegan, on behalf of BB&T, signed a
real estate lien note in an amount of $763,925, payable to Wright, and secured the loan by
executing a deed of trust. BB&T apparently defaulted on the note in May 1987. Wright
foreclosed on the property pursuant to the deed of trust in June 1988, bidding on and purchasing
the land for $500,000. The suit for the alleged deficiency on the note was tried in October 1991. 
The trial court entered its findings of fact and conclusions of law in December 1991. The
Bariches and Teegan perfected their appeal and now advance ten points of error challenging the
trial court's judgment.



DISCUSSION


 In their first point of error, appellants argue that the trial court erred in finding that
Wright was the holder of the note since there is no evidence to support that finding. In deciding
a no-evidence point, we must consider only the evidence and inferences tending to support the
finding of the trier of fact and disregard all evidence and inferences to the contrary. Alm v.
Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 111 S. Ct. 135 (1990);
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). See generally William Powers, Jr. & Jack
Ratliff, Another Look at "No Evidence" and "Insufficient Evidence", 69 Tex. L. Rev. 515 (1991). 


 An essential element of a cause of action on a promissory note is that the plaintiff
be the owner or holder of the note at the time of the suit. Jernigan v. Bank One, Tex., N.A., 803
S.W.2d 774, 775 (Tex. App.--Houston [14th Dist.] 1991, no writ). A general denial is sufficient
to raise that issue and places the burden on the plaintiff to prove its status. Schindler v. AG Aero
Distribs., Inc., 502 S.W.2d 581, 585 (Tex. Civ. App.--Corpus Christi 1973, no writ). A holder
is defined as "a person who is in possession of a document of title or an instrument or a
certificated investment security drawn, issued, or indorsed to him or to his order or to bearer or
in blank." Tex. Bus. & Com. Code Ann. § 1.201(20) (West Supp. 1992).

 Appellants in this case entered a general denial, thereby putting in issue Wright's
allegations that he is the owner or holder of the note, that the note is due, and the amount due and
owing on the note. See Derbigny v. Bank One, 809 S.W.2d 292, 294 (Tex. App.--Houston [14th
Dist.] 1991, no writ). In an ordinary trial on the merits, a plaintiff can discharge its burden by
producing and introducing the original note into evidence. Alexander v. Houston Oil Field
Material Co., 386 S.W.2d 540, 543 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.).

 In this case, Wright introduced in evidence only a copy of the note and did not
specifically testify that he was the current owner or holder of the note. Wright did, however,
testify that the exhibit was a true and correct, albeit reduced, copy of the note, showing himself
as the payee and BB&T as the payor. The copy of the note, introduced as Plaintiff's Exhibit No.
1, bears the date of August 18, 1983. The record reveals no other testimony specifically
addressing Wright's current status as the owner or holder of the note.

 Wright nevertheless claims that the following exchanges made during cross
examination constitute sufficient evidence to support the trial court's finding that Wright was the
owner and holder of the note:



Q Now, you testified, Dr. Wright, that the amount due on the note that you hold
[sic] on June 7th 1988, was and I was trying to write fast, $806,763.50?


A That's correct.


 . . . .


Q And you first applied the $500,000.00 [realized on foreclosure sale] to the
interest which was due on your note?


A Interest due on my note?



Despite counsel's shift in verb tense in the first question, we believe these exchanges, to the extent
that they reflect Wright's ownership of the note, indicate only that Wright was the owner or
holder at the time of the foreclosure sale, not that he retained ownership at the time he filed his
deficiency suit over three years after the foreclosure sale. Moreover, counsel for Wright
conceded at oral argument that there is no other record evidence showing that Wright is the
current holder of the note.

 In a suit on a note, the plaintiff must prove that he is the owner or holder of the
note; otherwise, the defendant maker might be forced to pay the same note twice. Perkins v.
Crittenden, 462 S.W.2d 565, 567 (Tex. 1970). Wright could have discharged his burden by
introducing the actual note into evidence. See Alexander, 386 S.W.2d at 543. Wright failed to
do so. Moreover, Wright did not testify that he was the owner or holder of the note at the time
of trial.

 The Texas Supreme Court was faced with a similar situation in Texas National
Corp. v. United Systems International, Inc., 493 S.W.2d 738 (Tex. 1973), though the issue arose
in the context of a motion for summary judgment. The court explained, "If a sworn or certified
copy, rather than the original of the note, is used, the [sworn] motion or affidavit should clearly
evidence that the plaintiff is the present owner and holder and in possession of the note." Id. at
741; see also Life Ins. Co. v. Gar-Dal, Inc., 570 S.W.2d 378, 381 (Tex. 1978).

 We hold that where, as here, a plaintiff at trial produces only a copy of the original
note, but fails to testify that he is the current holder of the note, there is no evidence to support
the trial court's finding that the plaintiff is the owner or holder of the note sued upon. (1) Where
a plaintiff does not testify under oath that he is the holder of the note, the defendant is afforded
no protection from the risk that the note has been negotiated to a third party.

 Because we sustain appellants' first point of error, we need not reach the remaining
points two through ten.



CONCLUSION


 By failing to discharge his burden to show that he is the current owner or holder
of the note sued upon, Wright failed to establish an essential element of his prima facie case. We
therefore reverse the judgment of the trial court and render judgment that Wright take nothing.



 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Rendered

Filed: November 18, 1992

[Do Not Publish]
1. We perceive no conflict between our holding in this case and that in Zarges v. Bevan,
652 S.W.2d 368 (Tex. 1983), where the supreme court affirmed a trial-court order granting a
motion for summary judgment in a suit on a note. The defendant claimed that, because the
plaintiff had testified in his deposition that he did not know where the original of the note was,
there was a fact issue as to ownership sufficient to preclude summary judgment. The supreme
court disagreed, holding that plaintiff's affidavit swearing that he was the owner of the note
and that the attached photocopy of the note was a true and correct copy was summary-judgment proof sufficient as a matter of law to prove his status absent controverting summary-judgment evidence.

 Apart from any distinctions between a summary-judgment proceeding and a trial on the
merits, in Zarges, the plaintiff swore by affidavit that he was the owner of the note sued upon. 
In this case, Wright made no such sworn affirmation.