NO. 07-10-0012-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 JUNE 24, 2011

 ______________________________

 HOME FURNISHINGS, INC., GEORGE C. BURNETT, JR.,
 AND MARIE E. BURNETT, APPELLANTS

 V.

 JPMORGAN CHASE BANK, NA, APPELLEE

 _________________________________

 FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY;

 NO. 96-229807-08; HONORABLE JEFF WALKER, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 DISSENTING OPINION

 The memorandum opinions authored by Justices Campbell and
Hancock reach the same final result (affirm), but for different
reasons. While I agree with large portions of both opinions, because
I disagree with the final result, I respectfully dissent.

As stated in both memorandum opinions, this is a suit on a promissory
note by a lender against guarantors for a deficiency judgment. In
that regard, it is undisputed that Home Furnishings Group, Inc., a non-
party, executed and delivered to JPMorgan Chase Bank NA ("Chase"), a
promissory note, in the original principal sum of $522,000; which note
was both guaranteed by Home Furnishings, Inc., George C. Burnett, Jr.
and Marie E. Burnett (Appellants herein; collectively "guarantors"),
and collateralized by assets and inventory located at Home Furnishings
Group, Inc.'s store in Southlake, Texas. It is also undisputed that
Home Furnishings Group, Inc. defaulted on the note and that Chase then
seized the collateral, foreclosed its security interest, and made a
demand for payment upon the guarantors for the alleged deficiency.
Against those undisputed facts, what is at issue here is whether Chase
met its summary judgment burden of proof in its suit against the
guarantors for the deficiency. The guarantors contend the trial court
erred in granting Chase summary judgment because a material issue of
fact exists as to the amount due and owing. Specifically, guarantors
contend, via an affidavit from George C. Burnett, that Chase has not
accounted for or otherwise allowed credit for certain items of
collateral seized by Chase pursuant to its security agreement;
whereas, Chase contends that all credits have been given.

 Justice Hancock's opinion takes the position that Burnett’s
affidavit does not raise a material issue of fact as to the disputed
credits because there is a perceived temporal gap between the
inventory date relied upon by Burnett in his affidavit and the date
the collateral was seized. In this regard, I agree with Justice
Campbell's opinion in its finding that Burnett's affidavit should be
read as saying the inventory list appended thereto was the inventory
on hand as of the end of the last day the store was open for business.
 Although Burnett’s affidavit does not definitively state that the
inventory listed was the collateral seized by Chase, it does state
that "no inventory was sold . . . removed, relocated, or otherwise
disposed of after that date." It further states that "the items
listed on Exhibit C of Defendants' Response to Plaintiff’s Third
Amended Motion for Summary Judgment represent a list of inventory that
was in the store at the end of the last day of business, “but which
was not sold at the foreclosure sales and cannot be accounted for."
(Emphasis added.) A reasonable deduction from that statement is that
the guarantors contend Chase seized assets for which the guarantors
received no credit. While Chase's summary judgment evidence does
state that credits were allowed for the net proceeds from four
separate liquidation sales and a settlement with an alleged consignor,
it does not aver that Chase has allowed credit for all of the
collateral seized. Therein lies the rub.

 The opinions of both Justices Campbell and Hancock take the
position that the guarantors contractually waived their defense of
"impairment or loss of collateral." Apparently they take this
position because, at the time the trial court considered Chase's
motion for summary judgment, the guarantors' live pleading consisted
of nothing more than a general denial and an allegation that Chase's
"disposition of the collateral, including the method, manner, time,
and place of said disposition was not commercially reasonable." A
general denial places in issue the amount allegedly due and owing on a
promissory note and a plaintiff seeking recovery upon a note has the
burden of proving the amount of the balance due. Fikes and Associates
v. Evans, 610 S.W.2d 245 (Tex.Civ.App.--Fort Worth 1980, no writ).
Whether or not the guarantors have plead either an affirmative defense
or assert a counterclaim regarding the collateral allegedly retained,
to establish its entitlement to judgment as a matter of law, Chase had
the burden of proving every essential element of its claim, MMP, Ltd.
v. Jones, 710 S.W.2d 59 (Tex. 1986), including the amount due and
owing.

 Justice Campbell's opinion concludes that because the guaranty
agreements waive certain defenses there is no material issue of fact
which precludes summary judgment.[1] He argues that the applicable
waiver listed is the waiver of claims based upon an allegation that
Chase "did not dispose of any collateral." While I will agree Chase
was under no obligation to pursue its right to foreclose the security
interest it held in the collateral at issue before it sought to
enforce the guaranty agreements, Christian v. Univ. Fed. Sav. Ass'n,
792 S.W.2d 533, 555 (Tex.App.--Houston [1st Dist.] 1990, no writ),
having chosen to do so, it must account for the collateral seized.
Tanenbaum v. Economics Laboratory, Inc. 628 S.W. 2d 769, 771-72 (Tex.
1982) (holding that a note holder is not entitled to a deficiency
judgment unless collateral seized has been disposed of in a
commercially reasonable manner).[2]

 Because a material issue of fact exists as to the guarantors'
right to additional credits, Chase has not met its burden of
conclusively proving the amount of its damages. Therefore, I believe
the trial court erred in granting summary judgment in favor of Chase.
Tex. R. Civ. P. 166a(c). Accordingly, I would reverse and remand
for further proceedings.

 Patrick A. Pirtle
 Justice

 -----------------------
[1]See Justice Campbell's opinion regarding waiver of the "defense
that the collateral was neglected or lost, and defenses that Chase
impaired the collateral, did not dispose of any of the collateral or
failed to obtain a fair market value for the collateral." See also
Justice Hancock's opinion regarding Rights, Notices, and Defenses that
Guarantor Waives and Duties as to Collateral.

[2]Although neither the guarantors nor Chase have briefed the matter,
issues pertaining to the seizure of collateral, its foreclosure, and
entitlement to credit for net proceeds from a commercially reasonable
sale thereof are governed by Chapter 9 of the Texas Uniform Commercial
Code. See Tex. Bus. & Com. Code Ann. §§ 9.101 - 9.709 (West 2011)